**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **MOTHER DOE, INDIVIDUALLY AND AS THE MOTHER AND NATURAL GUARDIAN FOR JANE DOE, A MINOR,** | ) ) ) ) | |
| | ) | **C.A. No.:**  3:18-cv-02731-CMC |
| **Plaintiff,** | ) ) ) | |
| **vs.** | ) ) | |
| **RICHLAND COUNTY SCHOOL DISTRICT 2, SHERIFF OF RICHLAND COUNTY IN HIS OFFICIAL CAPACITY D/B/A RICHLAND COUNTY SHERIFF'S DEPARTMENT, JOHN E. EWING, & JAMEL BRADLEY,** | ) ) ) ) ) ) ) ) | **COMPLAINT** **(Jury Trial Requested)** |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Mother Doe, individually and as the mother and natural guardian for Jane Doe, a minor, by and through her undersigned counsel, and hereby brings the following Complaint against Richland County School District 2, Sheriff of Richland County Sheriff's Department in his Official Capacity d/b/a Richland County Sheriff's Department, John E. Ewing, and Jamel Bradley, and alleges as follows:

## PARTIES

1.      Plaintiff Mother Doe is a citizen and resident of Richland County, South Carolina. Plaintiff Mother Doe is the mother and natural guardian of Jane Doe, a minor.

2.      Plaintiff Jane Doe is a citizen and resident of Richland County, South Carolina. Jane Doe resides with her mother, Mother Doe, and at all times mentioned herein was a student

enrolled at Spring Valley Hight School located within Richland County School District 2. During the events detailed herein, Jane Doe was fourteen (14) and fifteen (15) years of age.

3.  Plaintiffs are using pseudonyms due to the sensitive nature of the subject matter of this action and due to the age of Jane Doe at the time of the allegations contained herein.

4.  Defendant Richland County School District 2 is a political subdivision of the State of South Carolina, existing under the laws of the State of South Carolina (as defined by Section 15-78-10 of the Code of Laws of South Carolina (1985), as amended). At all times hereinafter mentioned in this Complaint, Defendant Richland County School District 2 owned, operated, and maintained Spring Valley High School, a public high school operating with the Richland County School District 2.  This Defendant acted and carried on its business by and through its agents, servants, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

5.  Defendant Sheriff of Richland County in his Official Capacity d/b/a Richland County Sheriff's Department (hereinafter referred to as "Richland County Sheriff's Department") is a political subdivision of the State of South Carolina, existing under the laws of the State of South Carolina (as defined by Section 15-78-10 of the Code of Laws of South Carolina (1985), as amended). At all times hereinafter mentioned in this Complaint, Defendant Richland County Sheriff's Department acted and carried on their business by and through their agents, servants, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

6.  Upon information and belief, Deputy Jamel Bradley is a resident of South Carolina and is an agent, servant and/or employee of Defendants Richland County Sheriff's Department and/or Richland County School District 2. Additionally, during the relevant time-period stated

below, Deputy Bradley was employed by the Richland County Sheriff's Department and/or Richland County School District 2 as a school resource officer at Spring Valley High School. Deputy Bradley's role as a school resource officer placed him in constant contact with Jane Doe and other minor children. For purposes of this action, Deputy Bradley is being sued in his individual capacity under the color of state law. Additionally, during the time-period in question, Deputy Bradley was well-aware of Jane Doe's constitutional rights; including her right to due process, to the possession and control of her own person, her Fourteenth Amendment right to bodily integrity, and to be free from any violations of her liberty interest.

7.      Upon information and belief, Captain John E. Ewing, Jr. is a resident of South Carolina and was acting as an agent, servant and/or employee of Richland County Sheriff's Department and/or Richland County School District 2 during the time-period in question. Specifically, at all times relevant hereto Captain Ewing was the supervising and commanding officer of Deputy Bradley, and was responsible for his training, supervision, discipline, and conduct. For purposes of this action, Captain Ewing is being sued in his individual capacity under the color of state law. Additionally, during the time-period in question, Captain Ewing was well-aware of Jane Doe's constitutional rights; including her right to due process, to the possession and control of her own person, her Fourteenth Amendment right to bodily integrity, and to be free from any violations of her liberty interest.

## JURISDICTION AND VENUE

8.      This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the federal law claims arise under the constitution and statutes of the United States; and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

9.     Venue for this action properly lies in this district pursuant to 28 U.S.C. §1391 because the Defendants are considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

10.     At all times relevant hereto, Jane Doe was a freshman and sophomore high school student at Spring Valley High School, a public high school operating within the Richland County School District 2.  Jane Doe was fourteen (14) and fifteen (15) years of age during the time period set forth in the Complaint.

11.     Throughout the course of her freshman and sophomore year at Spring Valley High School, Jane Doe was sexually assaulted by Deputy Jamel Bradley, a school resource officer employed by Defendants Richland County Sheriff's Department and/or Richland County School District 2, on five (5) separate occasions on the Spring Valley High School campus.  The sexual assaults ranged from unwanted sexual advances to unwanted kissing, touching and fondling. Upon information and belief, each assault at the hands of Deputy Bradley constitute independent and separate acts of negligence and gross negligence against the Defendants.

12.     Upon information and belief, Jane Doe was sexually assaulted by Deputy Bradley on two separate occasions during the week of March 12, 2018.  Both sexual assaults took place inside of Deputy Bradley's office at Spring Valley High School, behind locked doors. The assaults consisted of unwanted and illegal kissing, sexual touching, and sexual fondling.

13.     On or around March 22, 2018, a Spring Valley High School teacher reported to a school administrator that a rumor had been generated indicating that Jane Doe had been impregnated by Deputy Bradley.  That same day, this school administrator interviewed Jane Doe regarding the report.  During this interview, Jane Doe denied sexual intercourse with Deputy

4

Bradley. She endorsed that there had been inappropriate sexualized physical contact behind closed doors within his office, but was hesitant to provide specific details of the sexual assaults. Jane Doe further reported that her entering and leaving his office would all be captured on the video surveillance cameras maintained in the hallway leading to his office. Upon information and belief, this information was forwarded to the principal of Spring Valley High School.

14. On March 29, 2018, Jane Doe received a psychiatric evaluation at Palmetto Health Richland due to depression and anxiety regarding her attendance at Spring Valley High School. During the history and physical, Jane Doe endorsed that she had been accused of having an affair with a school resource officer at her school. According to the medical records, it was reported that she had spoken to several school administrators regarding the situation. After the assessment, Jane Doe was admitted to the Palmetto Health Adolescent Recovery Center as it was determined that her increasing anxiety and depression were causing impairment to her daily functioning.

15. Upon information and belief, on or around April 9, 2018, Jane Doe was interviewed a second time by a school administrator regarding the sexual assaults. During this interview, Jane Doe acknowledged that she had been kissed and fondled by Deputy Bradley, but expressed that she did not want him to be terminated based on her fear of retaliation by other students and faculty. This information was again relayed to the school principal and other school administrators of the Richland County School District 2. Despite the school administrators' actual knowledge of the reports of a sexual assault upon a minor student by Deputy Bradley, no report was made to the appropriate legal authorities in contravention of the mandatory reporting laws of South Carolina. Additionally, the Plaintiff is informed and believes that these reports should have triggered a Title IX investigation; however, no investigation took place whatsoever.

16.    During a therapy session on or around April 16, 2018 at Palmetto Health Adolescent Recovery Center, Jane Doe again reported that she had been assaulted by Deputy Bradley.  The following day, the assault was again reported to Defendants Richland County School District 2 and Richland County Sheriff's Department by and through Jane Doe's counselor at Palmetto Health Adolescent Recovery Center.  Upon information and belief, instead of reporting the sexual assault to the South Carolina Law Enforcement Division or another independent agency for investigation, Defendant Richland County Sheriff's Department elected to conduct an "internal investigation" into the actions of its fellow officer, Deputy Bradley.  Upon information and belief, this was the fourth "internal investigation" into reports of illegal and inappropriate sexualized conduct made against Deputy Bradley during his ten-year history of serving a school resource officer at Spring Valley High School.

17.    Upon information and belief, Deputy Bradley subsequently underwent a polygraph examination where it was determined by the examiner that Deputy Bradley was purposefully evasive, rendering the test ungradable.  Upon information and belief, no additional polygraph examination was administered.  Notwithstanding the above, the complaint was closed shortly thereafter.

18.    Jane Doe, along with her licensed social worker and an investigator on behalf of Defendant Richland County Sheriff's Department, participated in an intensive outpatient treatment session at Palmetto Health Adolescent Recovery Center on May 11, 2018.  During this session, it was reported by the investigator that Defendant Richland County Sheriff's Department believed that Jane Doe's report was credible; that the internal investigation and been "abruptly taken away" from this particular investigator; that Defendant Richland County Sheriff's Department had "prematurely closed the case without looking at all the evidence;" that Deputy Bradley was

purposely uncooperative with the polygraph examination; and that Deputy Bradley was considered to be a "unicorn" in the force and was characterized as "rare and precious and above reproach."

19.     After learning that the "internal investigation" was "prematurely closed" and that Deputy Bradley would not be terminated as a school resource officer at Spring Valley High School, Jane Doe, along with her licensed social worker, determined that it would be in her best interest not to return the hostile learning environment at Spring Valley High School.   Upon information and belief, administrators within Spring Valley High School agreed that it would be best for Jane Doe to avoid entering school property to receive tutoring or take exams.

20.     Upon information and belief, Defendants possessed actual knowledge of Deputy Bradley's inappropriate actions and/or propensity to harm minor female students on at least four (4) separate occasions, including Jane Doe, yet failed to take any action against Deputy Bradley, allowing him to continue to foster illegal and inappropriate sexualized relationships with minor female students, including the Plaintiff, under the guise of a school resource officer of the Richland County Sheriff's Department and Richland County School District 2.

21.     Plaintiff is informed and believes that Deputy Bradley has been accused of illegal and inappropriate sexualized relationships with other minor students in connection with his employment as a school resource officer with the Richland County Sheriff's Department and Richland County School District 2. Moreover, Plaintiff is informed and believes that Defendants, including Deputy Bradley's supervisor, Defendant Captain John E. Ewing, Jr., had actual knowledge of Deputy Bradley's inappropriate actions and/or propensity to harm minor female students, as other victims and concerned citizens had reported his conduct on numerous occasions starting shortly after beginning his employment as a school resource officer at Spring Valley High School.

22. As a direct result of the above actions of the Defendants, Plaintiffs have been injured and damaged in that Jane Doe has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to sexual assaults, physical and psychological injuries; has endured and will endure mental anguish and emotional distress; and will incur medical bills in the future; and has been deprived of the enjoyment of her life.

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SHERIFF'S DEPARTMENT
### (Negligence / Gross Negligence)

23. The above set forth facts are made part of this First Cause of Action through incorporation by reference.

24. Defendant Richland County Sheriff's Department was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein by employing law enforcement officers, school resource officers, supervisors or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

25. The above incidents and Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of Defendant Richland County Sheriff's Department in the following particulars:

a. In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

b. In failing to exercise reasonable or slight care to properly train and/or supervise its personnel, agents, officers, and/or employees;

c. In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its police officers;

d.  In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure necessary to ensure that members of the public are safe and protected from physical abuse and threatening behavior;

e.  In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and prevent the same from occurring;

f.  In failing to exercise reasonable or slight care to make periodic and proper investigations and take remedial action as might be necessary to prevent inappropriate and/or threatening actions;

g.  In failing to exercise reasonable or slight care to take appropriate time to follow-up, review and/or check compliance with policy, state law and/or existing orders;

h.  In failing to exercise reasonable or slight care to take steps necessary to remove, fire and/or terminate Deputy Bradley, when they had actual and/or constructive notice of his propensities to harm minor female students, including the Plaintiff;

i.  In failing to exercise reasonable or slight care to properly supervise Deputy Bradley;

j.  In failing to properly investigate multiple reports of illegal and inappropriate sexualized conduct made against Deputy Bradley;

k.  In only conducting "in house" investigations into the multiple reports made against Deputy Bradley, instead of consulting with an independent agency or legal authority;

l.  In failing to protect the Plaintiff and other students from Deputy Bradley, when they knew or should have known of his propensities;

9

m.  In failing to exercise reasonable or slight care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of its school resource officer when it had notice of its officer's propensities towards inappropriate and/or abusive behavior;

n.  In conducting itself in an egregious and arbitrary manner;

o.  In threatening, physically assaulting and/or abusing Plaintiff;

p.  In breaching its fiduciary duty of trust with regard to Plaintiff;

q.  In failing to follow and adhere to the local state and national standards, policies and procedures including the policies and procedures of the Richland County Sheriff's Department;

r.  In failing to follow and adhere to the policies and procedures of the Richland County Sheriff's Department regarding threatening behavior;

s.  In engaging in a pattern and practice of allowing and/or condoning inappropriate conduct on behalf of the Richland County Sheriff's Department;

t.  In failing to sufficiently monitor and supervise employees of the Richland County Sheriff's Department;

u.  In failing to have the appropriate policies and procedures in place to provide adequate supervision;

v.  In failing to remedy the improper conduct and actions of its employees, including Deputy Bradley; and

w.  In failing to exercise even slight care to protect Plaintiff from harm.

26.  The injuries suffered by Plaintiff at the hands of Defendant Richland County Sheriff's Department caused and continues to cause her damages to include and not be limited

to medical expenses, permanent impairment, mental anguish, and pain and suffering. Therefore, Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT BRADLEY
#### (Violation of Federal Civil 42 U.S.C. 1983- Violation of Due Process
#### - 14th Amendment)

27.    The above set forth facts are made part of this Second Cause of Action through incorporation by reference.

28.    During the time-period in question, Deputy Bradley was acting under the color or pretense of State law, customs, practices, usage or policy as a sworn police officer of the Richland County Sheriff's Department and had certain duties imposed upon him with regard to Plaintiff.  Additionally, during the time-period in question, Deputy Bradley was well-aware of Plaintiff's constitutional rights; including her right to due process, her liberty interest, and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment.

29.    The courts have consistently recognized the right against "unjustified intrusions on personal security" at the hands of the state to be one of the "historic liberties" protected by the Due Process Clause. Ingraham v. Wright, 430 U.S. 651, 673 (1977). The above set forth facts show that Deputy Bradley sexually assaulted Plaintiff, a minor child, while wearing a police-issued badge and gun, and inside of Spring Valley High School where he was employed as a school resource officer. As such, Deputy Bradley imposed himself in such a way, as a sworn officer of the law, that Plaintiff felt intimidated, coerced, and without choice but to comply with his demands. Despite Plaintiff's attempts to stop Deputy Bradley, he was ultimately able to assert mental and physical control over Plaintiff and proceeded to sexually assault her on five separate and distinct occasions.

11

30.    Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the intentional, reckless, willful and wanton acts of Deputy Bradley.

31.    As a direct result of the above actions of Defendant Deputy Bradley, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to sexual assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs and reasonable attorney fees.

### FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT EWING
**(Violation of Federal Civil 42 U.S.C. 1983- Supervisory Liability)**

32.    Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

33.    During the time-period in question, Captain Ewing was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein as supervisors and commanding officers within the Richland County Sheriff's Department and had certain duties imposed upon him with regard to Plaintiff. Additionally, during the time-period in question, Captain Ewing was well-aware of Plaintiff's constitutional rights, including her right to due process, her liberty interest, and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment.

34.    Upon information and belief, Captain Ewing possessed actual and/or constructive knowledge that Deputy Bradley was the subject of prior investigations regarding reports of illegal and inappropriate sexualized relationships with minor students, had prior disciplinary

actions taken against him, and was not qualified to safely serve as a school resource officer, and/or interact with minor female students, including the Plaintiff.

35.   Upon information and belief, Captain Ewing possessed actual and/constructive knowledge of Deputy Bradley's inappropriate actions and communications towards Plaintiff, as well as other minor students, yet took no action to terminate him or prevent his continued interaction with minor female students of Spring Valley High School.

36.   Captain Ewing, as Deputy Bradley's supervising and commanding officer, possessed the power to prevent the actions of Deputy Bradley. Despite Captain Ewing's knowledge that Deputy Bradley's actions violated Plaintiff's constitutional rights, including her right to due process, her liberty interest, and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment, Plaintiff alleges Captain Ewing authorized Deputy Bradley's actions by consciously and intentionally failing to act or intervene.

37.   All of the above-referenced failures are the responsibility of Captain Ewing who was deliberately indifferent to his responsibility to train, supervise, and discipline the school resource officers of the Richland County School District, including Deputy Bradley, who interacted daily with the public and more specifically, minor female students at Spring Valley High School.

38.   As the direct and proximate result of the above-mentioned unconstitutional actions of Defendant Captain Ewing, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to sexual assaults, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life,

thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs and reasonable attorney fees.

### FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SCHOOL DISTRICT 2
**(Negligence / Gross Negligence)**

39.    The above set forth facts are made part of this Fourth Cause of Action through incorporation by reference.

40.    Defendant Richland County School District 2 was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein by employing teachers, administrators, school resource officers, supervisors or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

41.    The above incidents and Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of Defendant Richland County School District 2 in the following particulars:

    a.    In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

    b.    In failing to exercise reasonable or slight care to properly train and/or supervise its personnel, agents, officers, and/or employees;

    c.    In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its school resource officers;

    d.    In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure necessary to ensure that members of the public are safe and protected from physical abuse and threatening behavior;

e.  In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and/or school resource officers and prevent the same from occurring;

f.  In failing to exercise reasonable or slight care to make periodic and proper investigations and take remedial action as might be necessary to prevent inappropriate and/or threatening actions;

g.  In failing to exercise reasonable or slight care to take appropriate time to follow-up, review and/or check compliance with policy, state law and/or existing orders;

h.  In failing to exercise reasonable or slight care to take steps necessary to remove, fire and/or terminate the services of staff and/or personnel, including Deputy Bradley, when it had actual and/or constructive notice of his propensities;

i.  In failing to exercise reasonable or slight care to properly supervise Deputy Bradley;

j.  In failing to protect the Plaintiff and other students from Deputy Bradley, when they knew or should have known of his propensities;

k.  In failing to exercise reasonable or slight care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of its school resource officer when it had notice of his propensities of illegal and inappropriate sexualized relationships with minor students;

l.  In conducting itself in an egregious and arbitrary manner;

m.  In breaching its fiduciary duty of trust with regard to Plaintiff;

n.  In failing to follow and adhere to the local state and national standards and laws regarding the reporting of complaints of sexual assaults against minors;

o.  In failing to report inappropriate, abusive behavior to the appropriate legal authorities;

p.  In failing to follow and adhere to the policies and procedures of the Richland County School District;

q.  In engaging in a pattern and practice of allowing and/or condoning inappropriate conduct on behalf of the Richland County Sheriff's Department;

r.  In failing to sufficiently monitor and supervise employees of the Richland County School District;

s.  In creating a campus environment which subjected Plaintiff to being sexually harassed and/or abused by Deputy Bradley;

t.  In failing to have the appropriate policies and procedures in place to provide adequate supervision;

u.  In abdicating its responsibility to provide a safe school environment;

v.  In failing to remedy the improper conduct and actions of its employees; and

w.  In failing to exercise even slight care to protect Plaintiff from harm.

42.  The injuries suffered by Plaintiff at the hands of Defendant Richland County School District 2 caused and continues to cause her damages to include and not be limited to medical expenses, permanent impairment, mental anguish, and pain and suffering. Therefore, Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES.

**FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SCHOOL DISTRICT 2**
**(Violation of Title IX and Education Amendments of 1972)**

43.    The above set forth facts are made part of this Fifth Cause of Action through incorporation by reference.

44.    Defendant Richland County School District 2 was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein by employing teachers, administrators, school resource officers, supervisors or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

45.    Title IX of the Education Amendments of 1972 applies to an entire school or institution if any part of that school receives federal funds.  Upon information and belief, Title IX applies to Richland County School District 2 as it receives a wide variety of federal funding and grants.

46.    Both the Department of Education and the Department of Justice have promulgated regulations under Title IX that require a school to "adopt and publish grievance procedures providing for the *prompt and equitable resolution* of student... complaints alleging any action which would be prohibited by" Title IX or regulations thereunder. 34 C.F.R. § 106.8(b).

47.    Upon information and belief, Jane Doe's reports of sexual abuse by Deputy Bradley violated Title IX of the Education Amendments of 1972 [Title IX], codified at 20 U.S.C. §§ 1681 et seq. and Title 34 Code of Federal Regulations Part 106.

48.    The essential purpose of Title IX is to eliminate discrimination on the basis of sex in any educational program or activity receiving Federal financial assistance.  20 U.S.C. § 1681; 34 C.F.R. § 106.1.

49.    Upon information and belief, Title IX bestows a remedial and affirmative action requirement on institutes of education to take such remedial action as necessary to overcome the effects of such discrimination.  34 C.F.R. § 106.3(a).  Therefore, Title IX's essential purpose to

eliminate sex discrimination by definition seeks to protect other individuals from the possibility of sex discrimination.  As eliminating known sexual discrimination, whether it be in the form of harassment or abuse, prevents the future sexual harassment of other individuals.

50.    Title IX requires schools to designate at least one employee to coordinate compliance with the regulations implementing Title IX.  Upon information and belief, despite Jane Doe's multiple reports to the administrators at Spring Valley High School, the reports of sexual assault were actively concealed instead of being investigated by the Title IX compliance officer.   Additionally, the Plaintiff is informed and believes that there were previous reports of illegal and inappropriate sexualized relationships by Deputy Bradley which were not investigated by Richland County School District 2, thereby allowing him to continue to abuse minor female students, including Plaintiff, under the guise of a school resource officer of the Richland County Sheriff's Department and Richland County School District 2.

51.    Title IX requires if a school district knows, or even reasonably should have known, of sexual harassment or sexual assault, the school is responsible for taking immediate effective action to eliminate the hostile environment and prevent its recurrence. Upon information and belief, as a result of the sexual assaults being concealed instead of properly investigated, Deputy Bradley remained as a school resource officer at Spring Valley High School thereby subjecting Jane Doe to a hostile learning environment.

52.    As the direct and proximate result of the above-mentioned unconstitutional actions of Defendant Richland County School District 2, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to sexual assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has

endured a hostile learning environment forcing her be home schooled; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs and reasonable attorney fees.

## FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS RICHLAND COUNTY SHERIFF'S DEPARTMENT AND RICHLAND COUNTY SCHOOL DISTRICT 2
### (Negligent Hiring, Supervision, and Retention)

53.    The above set forth facts are made part of this Sixth Cause of Action through incorporation by reference.

54.    Defendants Richland County Sheriff's Department and Richland County School District 2 had a duty to use reasonable care to select an employee, agent, and/or school resource officer who was competent and fit to perform the duties required as an employee.  Defendants owed such a duty to Plaintiff and such duty was breached.

55.    Defendants knew that Deputy Bradley's position as a school resource officer at Spring Valley High School placed him in constant contact with Plaintiff and other minor students.

56.    Defendants knew, or should have known, that Deputy Bradley was sexually assaulting Plaintiff.  Additionally, Defendants knew, or should have known, that Deputy Bradley was the subject of prior investigations regarding reports of illegal and inappropriate sexualized relationships with minor students, had prior disciplinary actions taken against him, and was not qualified to safely serve as a school resource officer, and/or interact with minor female students, including the Plaintiff.

57.    Defendants Richland County Sheriff's Department and Richland County School District 2 failed to take the steps necessary to remove, fire, and/or terminate the services of

Deputy Bradley, when they had actual and/or constructive notice of Deputy Bradley's actions and propensities.

58.     Defendants Richland County Sheriff's Department and Richland County School District 2 failed to provide Plaintiff with proper protection from abuse (physical, sexual, and mental) at the hands of its employees, agents, and/or school resource officers when it had notice of Deputy Bradley's propensities toward inappropriate and/or abusive behavior.

59.     The injuries suffered by Plaintiff at the hands of Defendants Richland County Sheriff's Department and Richland County School District 2 caused and continues to cause her damages to include and not be limited to medical expenses, permanent impairment, mental anguish, and pain and suffering. Therefore, Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES.

**FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS RICHLAND COUNTY SHERIFF'S DEPARTMENT AND RICHLAND COUNTY SCHOOL DISTRICT 2**
**(Breach of Fiduciary Duty)**

60.     The above set forth facts are made part of this Seventh Cause of Action through incorporation by reference.

61.     As a direct consequence of Jane Doe's enrollment at Spring Valley High School, Jane Doe entered into a special and confidential relationship with Defendants.  This relationship arose from the distinct custodial care of Jane Doe whereby Defendants undertook the obligation, mandated and enforced under South Carolina and Federal law, to provide for the custodial well-being of Jane Doe to protect her from sexual assault and constitutional violations, to exercise the degree of custodial care that a reasonable person in a like position would exercise in connection with her custodial care and safety, to monitor and appropriately respond to her reports of sexual assault.

62.    By virtue of the aforementioned relationship that existed between Defendants and Jane Doe, and the trust and confidence that reasonably and necessarily was reposed by Jane Doe and her family in the integrity and fidelity of Defendants, Defendants owed to Jane Doe and Mother Doe fiduciary duties to honor and implement her custodial care needs, to avoid any actions which would endanger her health or safety, and to disclose to her and her family members the facts concerning their unwillingness to comply with the regulatory requirements for her custodial care as alleged above.  These fiduciary duties included but were not limited to the following:

    a.    the duty to provide necessary protection to Jane Doe while in the care and custody of the Defendants;

    b.    the duty to use the utmost care and caution in safekeeping Jane Doe with whom they had a fiduciary relationship;

    c.    the duty to properly monitor Jane Doe while in the Defendants' care and custody; and

    d.    the duty to properly train and/or supervise its personnel, agents and/or employees so as to insure Jane Doe was provided with care and protection while at Spring Valley High School.

63.    The injuries suffered by Plaintiff at the hands of Defendants Richland County Sheriff's Department and Richland County School District 2 caused and continues to cause her damages to include and not be limited to medical expenses, permanent impairment, mental anguish, and pain and suffering. Therefore, Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES.

### FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS RICHLAND COUNTY SHERIFF'S DEPARTMENT AND RICHLAND COUNTY SCHOOL DISTRICT 2
**(Civil Conspiracy)**

64.     The above set forth facts are made part of this Eighth Cause of Action through incorporation by reference.

65.     A combination of Defendants Richland County Sheriff's Department and Richland County School District 2 conspired to injure the Plaintiffs. Defendants had a common design or plan to minimize the allegations of Jane Doe in an effort to avoid reporting her multiple complaints of sexual assault, including other reported incidents of sexual misconduct by Deputy Bradley, to the appropriate investigative authorities in an effort to conceal the abuse.

66.     Defendants had a further common design or plan to conceal the reports of sexual misconduct, including multiple internal investigations regarding previous reports of inappropriate sexualized relationships between Deputy Bradley and minor female students, by refusing to respond to Plaintiffs' multiple requests for public records pursuant to the Freedom of Information Act.

67.     As a direct and proximate result of Defendants' civil conspiracy, Plaintiffs have suffered damages as described above as well as special damages including but not limited to additional litigation costs specifically tied to Defendants' civil conspiracy, embarrassment, emotional anguish, anxiety, and other such damages to be determined at the trial of this matter.

**FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Loss of Personal Services)**

68.     The above set forth facts are made part of this Ninth Cause of Action through incorporation by reference.

69.     Mother Doe is the mother and guardian of Jane Doe.

70.    As a direct and proximate result of the aforementioned acts on behalf of the Defendants, Mother Doe have been injured and damaged in Actual and Consequential Damages as follows:

i.    pre-trial medical expenses; and

ii.    post-trial and future medical expenses until Jane Doe's age of majority.

WHEREFORE, Plaintiff prays for judgment against the Defendants both jointly and in combination thereof for ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES, costs and reasonable attorney fees.  Plaintiff submits that each and every sexual assault presented different injuries and damages which contributed to the overall injuries Plaintiff suffered, as described above. Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America.

Respectfully Submitted,

s/ James B. Moore III
James B. Moore III, Federal ID #10844
Scott C. Evans, Federal ID #10874
Evans Moore, LLC
121 Screven Street
Georgetown, SC 29440
Office: (843) 995-5000
Facsimile: (843) 527-4128
james@evansmoorelaw.com
scott@evansmoorelaw.com

Daniel C. Boles, Federal ID #12144
23 Broad Street
3870 Leeds Avenue | Ste. 104
Post Office Box 381
Charleston, SC 29402
Office: 843-576-5775
Facsimile: 800.878.5443
dan@boleslawfirmllc.com

Attorneys for the Plaintiff

October 8, 2018
Georgetown, South Carolina