IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Mother Doe, individually and as the Mother and Natural Guardian for Jane Doe, a minor, ) ) ) ) | C.A. No. 3:18-cv-02731-CMC |
| Plaintiff, ) ) | **DEFENDANT RICHLAND COUNTY SCHOOL DISTRICT TWO'S RESPONSES TO LOCAL RULE 26.03 INTERROGATORIES** |
| vs. ) ) | |
| Richland County School District 2, Sheriff of Richland County in his Official Capacity D/B/A Richland County Sheriff's Department, John E. Ewing & Jamel Bradley, ) ) ) ) ) ) | |
| Defendants. ) | |

Defendant Richland County School District Two ("Defendant District"), by and through its counsel, hereby responds to the Court's Rule 26.03 Interrogatories as follows:

1. A short statement of the facts of the case.

**ANSWER**:

Jane Doe is enrolled in Richland School District Two and attends Spring Valley High School. During the 2017-2018 school year, Jane Doe reported to school officials allegations regarding inappropriate actions of Defendant Jamel Bradley, a Richland County deputy assigned to serve as school resource officer at Spring Valley High School. The matter was communicated to Jane Doe's parent and was referred to law enforcement for handling and investigation. Based upon information and belief, following investigation by law enforcement, the allegations made by Jane Doe were found to lack merit.

As it relates to Defendant District, the Plaintiff alleges, among other things, that prior to Jane Doe making a report to school officials regarding the alleged inappropriate conduct

of Defendant Bradley, other female students or minors had reported similar concerns regarding his alleged inappropriate conduct. The Plaintiff contends: among other things, that the school did not respond appropriately to the complaints at that time or to Jane Doe's complaints, failed to protect Jane Doe and other female students from Defendant Bradley, and failed to report and investigate as consistently with applicable statutory obligations.

As a result, Plaintiff commenced this lawsuit against Richland County School District Two, the Sheriff of Richland County in his Official Capacity D/B/A Richland County Sheriff's Department, Captain John E. Ewing, and Deputy Jamel Bradley, alleging the following causes of actions:  (1) Negligence/Gross Negligence against Defendant Sheriff's Department; (2)Violation of Due Process pursuant to 42 U.S.C. 1983 against Defendant Bradley; (3) Violation of 42 U.S.C. 1983 (Supervisory Liability) against Defendant Ewing; (4) Negligence/Gross Negligence against Defendant District; (5) Violation of Title IX and Education Amendments of 1972 against Defendant District; (6) Negligent Hiring/Supervision/Retention against Defendants Sheriff's Department and District; (7) Breach of Fiduciary Duty against Defendants Sheriff's Department and District; and (8) Civil Conspiracy Against Defendants Sheriff's Department and District; and (9) Loss of Personal Services against all Defendants.

It is the Defendant District's position that it is does not employ Defendant Bradley but that upon receiving reports from Jane Doe regarding the alleged inappropriate conduct of Defendant Bradley, the School District and its employees acted promptly and appropriately in response to the reports made and as consistent with any statutory obligations.

2.     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER**:

a. Dr. Baron Davis, Superintendent, Richland School District Two

   Dr. Davis has knowledge regarding the District's policies and procedures, the District's arrangements with the Sheriff's Department, and the District's response to allegations raised by Jane Doe.

b. Dr. Keith Price, Assistant Superintendent, Richland School District Two

Dr. Price has knowledge regarding the District's policies and procedures and the District's response to allegations raised by Jane Doe.

c. Cleveland Smith, Chief Administrative Services Officer, Richland School District Two

Mr. Smith has knowledge regarding the District's policies and procedures and the District's response to allegations raised by Jane Doe.

d. Jeff Temony, Principal, SVHS

Mr. Temoney has knowledge of Jane Doe's educational experience as a student at SVHS, any interactions he has had with Jane Doe while a student at SVHS and Mother Doe, the District's policies and procedures, the school administration's response to the allegations raised by Jane Doe, and any interactions with Defendant Bradley.

e. Stacy Baker, Assistant Principal, SVHS

Ms. Baker has knowledge of Plaintiff's educational experience as a student at SVHS, any interactions she has had with Jane Doe while a student at SVHS and Mother Doe, the District's policies and procedures, the school administration's response to the allegations raised by Jane Doe, and any interactions with Defendant Bradley.

f. Dr. Paul Dobyns, Assistant Principal, SVHS

Dr. Dobyns has knowledge regarding the District's policies and procedures, any interactions he has had with Jane Doe while she was a student at SVHS, and any interactions with Defendant Bradley.

g. Sean Glover, Assistant Principal, SVHS

Mr. Glover has knowledge regarding the District's policies and procedures, any interactions he has had with Jane Doe while she was a student at SVHS, and any interactions with Defendant Bradley.

h. Schiria Wilson, Work Based Leaning Coordinator, SVHS

Ms. Wilson is familiar with the District's policies and procedures and has knowledge regarding her interactions with Jane Doe as a student at SVHS.

  i. Jamel Bradley, former School Resource Officer assigned to SVHS

  Mr. Bradley is familiar with the policies and procedures at SVHS as they relate to SROs and is presumed to have knowledge regarding any interactions with Jane Doe and her family.

  j. Captain John Ewing, Richland County Sheriff's Department

  Captain Ewing is familiar with the policies and procedures regarding School Resource Officers. In addition, he is presumed to have knowledge regarding any investigations of allegations made by Jane Doe involving Defendant Bradley and any actions taken by the Sheriff's Department as a result.

  k. Sheriff Leon Lott, Richland County Sheriff's Department

  Sheriff Lott is familiar with the policies and procedures regarding School Resource Officers. In addition, he is presumed to have knowledge regarding any investigations of allegations made by Jane Doe involving Defendant Bradley and any actions taken by the Sheriff's Department as a result.

Defendant District reserves the right to call any witnesses identified by Plaintiff or other Defendants, and to supplement this list, as appropriate.

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field or expertise should be given as to experts likely to be offered).

**ANSWER**:

Defendant District has not yet identified an expert witness at this time, but reserves the right to do so in accordance with the scheduling order in this case.

4. A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER**:

**FIRST, SECOND, THIRD, FIFTH, SIXTH, TENTH,**

**AND FOURTEENTH AFFIRMATIVE DEFENSES**

Defendant District is immune from liability under Section 15-78-60(5) of the South

Carolina Tort Claims Act because Plaintiff's alleged injuries resulted, if at all, from Defendant District's exercise of discretion or judgment or Defendant District's performance or failure to perform an act or service that is it its discretion or judgment.

Defendant District is immune from liability under Section 15-78-60(25) of the South Carolina Tort Claims Act because Plaintiff's alleged injuries resulted, if at all, from an exercise of Defendant District's responsibility or duty to supervise, protect, and control their students and/or employees, and Defendant District did not exercise this responsibility or duty in a grossly negligent manner.

Plaintiff's claims are subject to the South Carolina Tort Claims Act's limitations and immunities with respect to causes of action and liability, including §§15-78-40, and -70.

Defendant District pleads as a further bar to this action each and every provision of the South Carolina Tort Claims Act, including its limitations on damages and its exceptions to the waiver of sovereign immunity.

To the extent that Plaintiff seeks recovery for intentional infliction of emotional distress, Plaintiff's claim must fail because the South Carolina Tort Claims Act expressly prohibits recovery for such a claim. See §15-78-30(f).

Defendant School District is immune from liability under the Tort Claims Act to the extent Plaintiff's alleged losses, which are expressly denied, are alleged to have resulted from the adoption, enforcement, or compliance with any law, charter, provision, ordinance, resolution, rule, regulation, or written policy, or the failure to adopt or enforce any law, charter, provision, ordinance, resolution, rule, regulation, or written policy. See §15-76-60-(4).

To the extent that Plaintiff seeks recovery for conduct outside the scope of official duties or which constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude, Plaintiff's claims are barred by the immunities set forth in the South Carolina Tort Claims Act. See §15-78-70.

### FOURTH AFFIRMATIVE DEFENSE

Defendant District is not liable because the Complaint fails to state facts sufficient to constitute a cause of action or to state a claim on which relief can be granted against Defendant School District. Fed. R. Civ. P. 12(b)(6).

### SEVENTH AND ELEVENTH AFFIRMATIVE DEFENSES

To the extent Plaintiff seeks punitive damages from Defendant District, an award of such damages is precluded by applicable statutory and common law, and further, such an award would Defendant District's right to due process and equal protection under the Constitution of the United States. Further, Defendant District nor its employee have acted with reckless or callous indifference to a federally protected right of Plaintiff's, and therefore, Plaintiff is not entitled to punitive damages. *See,* e.g., *Baker v. Runyon*, 114 F.3d 668 (7th Cir. 1997); *Terry v. Ashcroft*, 336 F.3d 128 (2nd Cir. 2003); *Schley v. College of Charleston,* 83 F.3d 416 (4th Cir. 1996).

### EIGHTH AFFIRMATIVE DEFENSE

Any injury claimed to have been sustained by Plaintiff was not proximately caused by an act of Defendant District but rather was due to the intervening, independent, and intentional act of a third person; said act being the sole, proximate and direct cause of Plaintiff's alleged injuries, for which Defendant District is not liable. *Stone v. Bethea*, 251 S.C. 157 (S.C. 1968).

### NINTH AFFIRMATIVE DEFENSE

The Defendant District is not liable to the extent Plaintiff's alleged loss, if any, resulted from the intervening negligence of a third party not employed by the District. See §15-78-70.

### TWELFTH, THIRTEENTH, EIGHTEENTH, NINETEENTH, AND TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has merely re-alleged prior acts contained in another cause of action, and the

failure to plead additional acts in furtherance of the alleged conspiracy precludes this cause of action for civil conspiracy. Plaintiff has failed to allege special damages that are separate and distinct from damages alleged for other causes of action and, as a result, this cause of action must fail.

Plaintiff is barred from recovery for civil conspiracy because Defendant District employees were acting in their official capacities at all times that the alleged conspiracy occurred and that the alleged conspiracy fails as a matter of law based upon intra-corporate immunity doctrine. *See Lawson v. S. Carolina Dep't of Corr.*, 340 S.C. 346, 532 S.E.2d 259, 261 (2000); *McMillan v. Oconee Mem. Hosp. Sys.*, 367 S.C. 559, 626 S.C. 2d 884, 887 (2006); *Vaught v. Waites*, 387 S.E.2d 91, 95 (Ct. App. 1989.)

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant District is not liable to the extent any actions taken during the time relevant to this action occurred under the direction, control, and authority of law enforcement who were in charge of the matter and over whom Defendant District had no control or authority. *State v. Lyles Gray*, 428 S.C. 458, 492 S.E.2d 803 (Ct. App. 1997); *Stone v. Bethea*, 251 S.C. 157 (S.C. 1968).

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant District and its employees acted with a reasonable, good faith belief in the lawfulness and constitutionality of their actions, and their alleged wrongful conduct did not violate clearly settled law or established rights. The conduct of Defendant District was lawful, justified, and made in good faith. *See DiMeglio v. Haines*, 45 F.3d 790 (4th Cir. 1995).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages. Newman v. Brown, 228 S.C. 472, 90 S.E.2d 649 (1955).

Defendant District anticipates there is additional statutory and case law to support

its legal defenses and theories based on specific facts to be determined in discovery. Accordingly, Defendant District reserves the right to rely upon such additional authority as this case proceeds.

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

b) Completion of discovery.

**ANSWER**:

See Rule 26(f) Order and Consent Amended Scheduling Order

6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.

**ANSWER**:

See Rule 26(f) Order and Consent Amended Scheduling Order

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER**:

See Rule 26(f) Order and Consent Amended Scheduling Order.

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA

By:     s/Jasmine Rogers Drain
        Jasmine Rogers Drain, Fed. I.D. No. 10169
        jdrain@hmwlegal.com

        Vernie L. Williams, Fed. I.D. No. 7094
        vwilliams@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035

Attorneys for Defendant Richland County
School District Two

December 10, 2018

Columbia, South Carolina