IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Mother Doe, individually and as the Mother and Natural Guardian for Jane Doe, a minor, | ) ) ) ) | C.A. No. 3:18-cv-02731-CMC |
| Plaintiff, | ) ) ) | **DEFENDANT RICHLAND SCHOOL DISTRICT TWO'S AMENDED ANSWER** |
| vs. | ) ) | |
| Richland County School District 2, Sheriff of Richland County in his Official Capacity D/B/A Richland County Sheriff's Department, John E. Ewing & Jamel Bradley, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant, Richland County School District Two ("Defendant District"), by and through its undersigned counsel, hereby responds to the Complaint of Plaintiff, Mother Doe, individually and as the Mother and Guardian for Jane Doe, a minor, and denies each and every allegation of the Complaint except as may be expressly admitted herein, and further responds to the specific allegations of Plaintiff's Complaint, in accordance with the numbered paragraphs thereof, as follows:

## **PARTIES**

1.      Admitted upon information and belief.

2.      Admitted in part and denied in part.  Defendant District admits only upon information and belief that Jane Doe is a citizen and resident of Richland County, who resides with her mother, Mother Doe, and that she was enrolled as a student at Spring Valley High School during the 2017-2018 school year.  The remaining allegations contained in this paragraph are denied or denied as stated.

3.      Admitted in part and denied in part.  Defendant District admits only upon information and belief that the allegations contained in the Complaint are sensitive in nature and that Jane Doe was a minor at all times relevant herein.  To the extent this paragraph contains factual allegations against Defendant District, those allegations are denied.

4.      Admitted in part and denied in part.  The allegations contained in the first two sentences of this paragraph are admitted.  As it relates to the third sentence of this paragraph, Defendant School District admits only that its employees were acting within the course and scope of their duties at all times alleged herein.  Any remaining allegations contained in this paragraph are denied as stated or denied.

5.      The allegations of this paragraph are directed to other Defendants and a response by Defendant District is not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

6.      The allegations of this paragraph are directed to other Defendants and a response by Defendant District is not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

**7.**      The allegations of this paragraph are directed to other Defendants and a response by Defendant District is not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

## JURISDICTION AND VENUE

8.      This paragraph is jurisdictional in nature as to which no response is required.  To the extent a response is required, Defendant District admits jurisdiction is proper but denies violations of any statutes cited in the Complaint or that the actions complained of in the Complaint constitute a cause of action against Defendant District.

9.      This paragraph is jurisdictional in nature as to which no response is required.  To the extent a response is required, Defendant District admits venue is proper but denies violations

of any statutes cited in the Complaint or that the actions complained of in the Complaint constitute a cause of action against Defendant District.

## FACTUAL ALLEGATIONS

10.     Admitted in part and denied in part.  Defendant District admits only that Jane Doe was enrolled as a Sophomore at Spring Valley High School (SVHS), a school district located within Richland School District Two, during the 2017-2018 school year and is currently enrolled as a Junior at SVHS.  Any remaining allegations contained in this paragraph are denied or denied as stated.

11.     A portion of the allegations of this paragraph are directed to or regard other Defendants and a response to those allegations by Defendant District is not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

12.     The allegations of this paragraph are directed to or regard other Defendants and a response to those allegations by Defendant District is not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

13.     Admitted in part and denied in part.  Defendant District admits only that upon receiving information regarding a rumor concerning the alleged impregnation of Jane Doe, a school administrator met with Jane Doe on March 22, 2018, regarding this matter, that during this meeting, Jane Doe shared information regarding her interactions with SRO Bradley, and that this information was relayed to the principal, Mother Doe, and law enforcement.  Any remaining allegations in this paragraph are denied as stated or denied.

14.     Admitted in part and denied in part.  Defendant District admits only upon information and belief that during the Spring semester of the 2017-2018 school year, Jane Doe received treatment from Palmetto Health and that her medical records serve as the best source

regarding Jane Doe's treatment, nature of visits, and diagnosis. Any remaining allegations contained in this paragraph are denied, denied as stated, or denied for lack of knowledge.

15.     Admitted in part and denied in part. Defendant District admits only that on or around April 9, 2018, Jane Doe met with a school administrator to discuss what she termed a hypothetical situation and that the school administration responded as consistent with applicable statutory duties and obligations upon receipt of said information. Any remaining allegations contained in this paragraph are denied as stated or denied.

16.     A portion of the allegations of this paragraph are directed to or regard other Defendants and a response to those allegations by Defendant District is not required. To the extent this paragraph contains factual allegations against Defendant District, Defendant District admits only that on our around April 17, 2018 Jane Doe's counselor relayed information to a school administrator regarding allegations and information shared by Jane Doe during counseling sessions. Any remaining allegations contained in this paragraph are denied, denied as stated, or denied for lack of knowledge.

17.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is not required. To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

18.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is not required. To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

19.     Admitted in part and denied in part. Defendant District admits only that upon the recommendation of Jane Doe's counselor and with Mother Doe's consent and the school administration's approval, Jane Doe remained on homebound instruction for the remainder of the 2017-2018 school year but was given the option to return to campus as needed. Any remaining allegations contained in this paragraph are denied or denied as stated.

20.     Some of the allegations of this paragraph are directed to other Defendants and a response to those allegations by Defendant District is not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

21.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

22.     Some of the allegations of this paragraph are directed to other Defendants and a response to those allegations by Defendant District is not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SHERIFF'S DEPARTMENT
### (Negligence/ Gross Negligence)

23.     Defendant District incorporates by reference its responses to Paragraphs 1 through 22 of the complaint as if stated herein verbatim.

24.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

25.     The allegations of this paragraph, including subparts (a)-(w),  are directed to other Defendants and a response by Defendant District is therefore not required. To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

26.     The allegations of this paragraph are directed to other Defendants and a response

by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT BRADLEY
**(Violation of Federal Civil 42 U.S.C. 1983 – Violation of Due Process – 14 Amendment)**

27.    Defendant District incorporates by reference its responses to Paragraphs 1 through 26 of the complaint as if stated herein verbatim.

28.    The allegations of this paragraph and are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

29.    The allegations of this paragraph state legal conclusions  are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

30.    The allegations of this paragraph are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

31.    The allegations of this paragraph are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

## FOR A THIRD CASE OF ACTION AGAINST DEFENDANT EWING
### (Violation of Federal Civil 42 U.S.C. 1983 – Supervisory Liability)

32.     Defendant District incorporates by reference its responses to Paragraphs 1 through 31 of the Complaint as if stated herein verbatim.

33.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

34.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

35.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

36.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

37.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

38.     The allegations of this paragraph are directed to other Defendants and a response by Defendant District is therefore not required.  To the extent this paragraph contains factual allegations against Defendant District, Defendant District denies and demands strict proof thereof.

**FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SCHOOL DISTRICT 2**
**(Negligence/ Gross Negligence)**

39.     Defendant District incorporates by reference its responses to Paragraphs 1 through 38 of the Complaint as if stated herein verbatim.

40.     This paragraph contains legal conclusions as to which no response is required.  To the extent a response is required, Defendant District admits only that it employs teachers and administrators, that at all times Defendant District and its employees acted in good faith, and that it has duties and responsibilities defined by State and federal laws and Defendant District refers to those applicable laws as the best source of information concerning its authority and responsibility.  Defendant District denies the remaining allegations of this paragraph.

41.     Denied, including subparts (a) – (w).

42.     Denied.

**FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SCHOOL DISTRICT 2**
**(Violation of Title IX and Education Amendments of 1972)**

43.     Defendant District incorporates by reference its responses to Paragraphs 1 through 42 of the Complaint as if stated herein verbatim.

44.     This paragraph contains legal conclusions as to which no response is required.  To the extent a response is required, Defendant District admits only that it employs teachers and administrators, that at all times Defendant District and its employees acted in good faith, and that it has duties and responsibilities defined by State and federal laws and Defendant District refers

to those applicable laws as the best source of information concerning its authority and responsibility.  Defendant District denies the remaining allegations of this paragraph.

45.    This paragraph contains statements of law or legal conclusions as to which no response is required.  To the extent a response is required, Defendant District admits only that it receives federal funding and that the cited statute, and case law decided thereunder, is the best source concerning the statute's contents and application and denies  any violation of the statute cited.  Defendant District denies the remaining allegations of this paragraph.

46.    This paragraph contains statements of law or legal conclusions as to which no response is required.  To the extent a response is required, Defendant District admits only that that the cited statute and regulations are the best source concerning their contents and denies  any violation of the statute cited or regulations.

47.    This paragraph contains legal conclusions as to which no response is required.  To the extent a response is required, Defendant District admits only that that the cited statute and regulations, and case law decided thereunder, are the best source concerning their contents and application and denies any violation of the statutes or regulations cited.  Defendant District denies the remaining allegations of this paragraph.

48.    This paragraph contains statements of law or legal conclusions as to which no response is required.  To the extent a response is required, Defendant District admits only that that the cited statute and regulations, and cases decided thereunder, are the best source concerning their contents and application and denies any violation of the statutes or regulations cited.  Defendant District denies the remaining allegations of this paragraph.

49.    This paragraph contains statements of law or legal conclusions as to which no response is required.  To the extent a response is required, Defendant District admits only that that the cited statute and regulations, and cases decided thereunder, are the best source

concerning their contents and application and denies any violation of the statutes or regulations cited.  Defendant District denies the remaining allegations of this paragraph.

50.    Part of this paragraph contains statements of law or legal conclusions as to which no response to those allegations is required.  To the extent a response is required, Defendant District admits only that the cited statute and regulations, and cases decided thereunder, are the best source concerning their contents and application  and denies any violation of the statutes or regulations cited.  Defendant District denies the remaining allegations of this paragraph.

51.    Part of this paragraph contains statements of law or legal conclusions as to which no response is required.  To the extent a response is required, Defendant District admits only that that the cited statute and regulations, and cases decided thereunder, are the best source concerning their contents and application and denies any violation of the statutes or regulations cited.  Defendant District further admits that it has duties and responsibilities defined by State and federal laws and Defendant District refers to those applicable laws as the best source of information concerning its authority and responsibility.  Defendant District denies the remaining allegations of this paragraph.

52.    Denied.

### FOR A SIXTH CAUSE OF ACTION AGAINST DEENDANTS RICHLAND COUNTY SHERIFF'S DEPARTMENT AND RICHLAND COUNTY SCHOOL DISTRICT 2
### (Negligent hiring, Supervision, and Retention)

53.    Defendant District incorporates by reference its responses to Paragraphs 1 through 52 of the Complaint as if stated herein verbatim.

54.    A portion of this paragraph contains legal conclusions and allegations concerning or directed to another Defendant as to which no response is required.  As to the factual allegations in this paragraph against Defendant District, Defendant District admits that it has

duties and responsibilities defined by State and federal laws, refers to those applicable laws as the best source of information concerning its duties and responsibilities and denies breaching any of those duties or responsibilities.  Defendant District denies the remaining allegations of this paragraph.

55.    This paragraph contains allegations concerning multiple defendants as to which a response to some of the allegations may not be required by Defendant District.  As to the factual allegations against Defendant District, Defendant District admits only that a school resource officer's role is defined by state law and refers to that law as the best source concerning a school resource officer's statutory role.  Any remaining allegations contained in this paragraph are denied or denied as stated.

56.    This paragraph contains allegations concerning multiple defendants as to which a response to some of the allegations may not be required by Defendant District.  As to the factual allegations in this this paragraph against Defendant District, they are denied.

57.    This paragraph contains allegations concerning multiple defendants as to which a response to some of the allegations may not be required by Defendant District.  As to the factual allegations in this paragraph against Defendant District, they are denied.

58.    This paragraph contains allegations concerning multiple defendants as to which a response  to some of the allegations may not be required by Defendant District.  To the extent this paragraph contains factual allegations against Defendant District, they are denied.

59.    This paragraph contains allegations concerning multiple defendants as to which a response  to some of the allegations may not be required by Defendant District.  To the extent this paragraph contains factual allegations against Defendant District, they are denied.

**FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS RICHLAND COUNTY SHERIFF'S DEPARTMENT AND RICHLAND COUNTY SCHOOL**

## DISTRICT 2
### (Breach of Fiduciary Duty)

60.     Defendant District incorporates by reference its responses to Paragraphs 1 through

59 of the Complaint as if stated herein verbatim.

61.     This paragraph contains legal conclusions as to which no response is required.  To

the extent this paragraph contains factual allegations against Defendant District, Defendant

District admits that it has duties and responsibilities defined by State and federal laws concerning

students, refers to those applicable laws as the best source of information concerning its duties

and responsibilities, and denies breaching any of those duties or responsibilities.  Defendant

District denies the remaining allegations of this paragraph.

62.     This paragraph contains legal conclusions as to which no response is required.  To

the extent this paragraph contains factual allegations against Defendant District, Defendant

District admits that it has duties and responsibilities defined by State and federal laws concerning

students, refers to those applicable laws as the best source of information concerning its duties

and responsibilities, and denies breaching any of those duties or responsibilities.  Defendant

District denies the remaining allegations of this paragraph.

63.     Denied.

## FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT RICHLAND COUNTY SHERIFF'S DEPARTMENT AND RICHLAND COUNTY SCHOOL DISTRICT 2
### (Civil Conspiracy)

64.     Defendant District incorporates by reference its responses to Paragraphs 1 through

63 of the complaint as if stated herein verbatim.

65.     Denied.

66.     Denied.

67.     Denied.

## FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Loss of Personal Services)

68.     Defendant District incorporates by reference its responses to Paragraphs 1 through 67 of the complaint as if stated herein by reference.

69.     Admitted upon information and belief.

70.     Denied.

71.     Defendant District denies that Plaintiff is entitled to any of the relief requested in the Complaint or any other recovery whatsoever.

72.     Defendant District denies each and every other allegation of the Complaint except for those expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Defendant District is immune from liability under Section 15-78-60(5) of the South Carolina Tort Claims Act because Plaintiff's alleged injuries resulted, if at all, from Defendant District's exercise of discretion or judgment or Defendant District's performance or failure to perform an act or service that is in its discretion or judgment.

## SECOND AFFIRMATIVE DEFENSE

Defendant District is immune from liability under Section 15-78-60(25) of the South Carolina Tort Claims Act because Plaintiff's alleged injuries resulted, if at all, from an exercise of Defendant District's responsibility or duty to supervise, protect, and control their students and/or employees, and Defendant District did not exercise this responsibility or duty in a grossly negligent manner.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the South Carolina Tort Claims Act's limitations and immunities with respect to causes of action and liability, including §§15-78-40, and -70.

## FOURTH AFFIRMATIVE DEFENSE

Defendant District is not liable to the extent the Complaint fails to state facts sufficient to constitute a cause of action or to state a claim on which relief can be granted against Defendant District.

## FIFTH AFFIRMATIVE DEFENSE

Defendant District pleads as a further bar to this action each and every provision of the South Carolina Tort Claims Act, including its limitations on damages and its exceptions to the waiver of sovereign immunity.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks recovery for the intentional infliction of emotional distress, Plaintiff's claim must fail because the South Carolina Tort Claims Act expressly prohibits recovery for such a claim.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages from Defendant District an award of such damages is precluded by applicable statutory and common law, and further, such an award would violate Defendant District's rights to due process and equal protection under the Constitution of the United States.

## EIGHTH AFFIRMATIVE DEFENSE

Any injury claimed to have been sustained by Plaintiff was not proximately caused by an act of the Defendant District, but rather was due to the intervening, independent, and intentional act of a third person; said act being the sole, proximate and direct cause of Plaintiff's alleged injuries, for which the Defendant District is not liable.

## NINTH AFFIRMATIVE DEFENSE

The Defendant District is not liable to the extent Plaintiff's alleged loss, if any, resulted from the intervening negligence of a third party not employed by the District.

## TENTH AFFIRMATIVE DEFENSE

The Defendant District is immune from liability under the Tort Claims Act to the extent Plaintiff's alleged losses, which are expressly denied, are alleged to have resulted from the adoption, enforcement, or compliance with any law, charter, provision, ordinance, resolution, rule, regulation, or written policy, or the failure to adopt or enforce any law, charter, provision, ordinance, resolution, rule, regulation, or written policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant District nor its employee have acted with reckless or callous indifference to a federally protected right of Plaintiff's, and therefore, Plaintiff is not entitled to punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for civil conspiracy because Defendant District employees were acting in their official capacities at all times that the alleged conspiracy occurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

With regard to the civil conspiracy claim, Plaintiff has merely re-alleged prior acts contained in another cause of action, and the failure to plead additional acts in furtherance of the alleged conspiracy precludes this cause of action for civil conspiracy.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks recovery for conduct outside the scope of official duties or which constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude, Plaintiff's claims are barred by the immunities set forth in the South Carolina Tort Claims Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant District is not liable to the extent any actions taken during the time relevant to this action occurred under the direction, control, and authority of law enforcement who were in charge of the matter and over whom Defendant District had no control or authority.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant District and its employees acted with a reasonable, good faith belief in the lawfulness and constitutionality of their actions, and their alleged wrongful conduct did not violate clearly settled law or established rights.  The conduct of Defendant District was lawful, justified, and made in good faith.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

With regard to the civil conspiracy claim, Plaintiff has merely re-alleged prior acts contained in another cause of action, and the failure to plead additional acts in furtherance of the alleged conspiracy precludes this cause of action for civil conspiracy.

## NINETEENTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's civil conspiracy claim, Plaintiff has failed to allege special damages that are separate and distinct from damages alleged for other causes of action and, as a result, this cause of action must fail.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for civil conspiracy because Defendant District employees were acting in their official capacities at all times that the alleged conspiracy occurred and that the alleged conspiracy fails as a matter of law based upon intra-corporate immunity doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant School District is not liable to the extent the Plaintiff was negligent, grossly negligent, and reckless, and such negligence, gross negligence, and recklessness on the part of the Plaintiff caused or contributed to the matter complained of in the complaint, and exceeded any alleged gross negligence of Defendant District.  Alternatively, Plaintiff's recovery must be reduced in proportion to the contributory negligence, gross negligence, and recklessness of the Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

There is no joint and several liability as to Defendant School District and other parties pursuant to the South Carolina Tort Claims Act.   Accordingly, all references to joint and several liability should be stricken from the Plaintiff's Complaint.

WHEREFORE, having fully answered the Complaint, Defendant District respectfully prays that the Court dismiss Plaintiff's claims against it, with all costs and expenses awarded to Defendant District, together with any and all further relief that the Court deems equitable and just.

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA


By:     s/Jasmine Rogers Drain
        Jasmine Rogers Drain, Fed. I.D. No. 10169
        jdrain@hmwlegal.com

        Vernie L. Williams, Fed. I.D. No. 7094
        vwilliams@hmwlegal.com

        P.O. Box 11367
        Columbia, South Carolina 29211
        (803) 254-4035

18

Attorneys for Defendant Richland County
School District Two

December 12, 2018

Columbia, South Carolina

18