ELECTRONICALLY FILED - 2019 Jan 25 4:39 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4003800

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION 2018-CP-40-03800 |

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | REQUEST FOR INJUNCTIVE |
| | ) | RELIEF AND AN AWARD OF |
| RICHLAND COUNTY SHERIFF'S | ) | ATTORNEYS' FEES |
| DEPARTMENT, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

This matter came before the Court on Plaintiff's motion for an expedited hearing for injunctive relief, attorneys' fees, and other appropriate relief related to the release of public records maintained by Defendant Richland County Sheriff's Department pertaining to an alleged sexual assault by a school resource officer upon the Plaintiff's minor daughter at Spring Valley High School.

According to the Complaint, supporting exhibits, and arguments presented by the parties at the hearing, the Plaintiff, by and through her undersigned counsel, submitted a request for public records pursuant to the Freedom of Information Act (hereinafter referred to as "FOIA"), S.C. Code Ann. §§ 30-4-10, *et seq.*, on May 22, 2018, to the Richland County Sheriff's Department's Chief Legal Counsel. Specifically, the Plaintiff requested the following records:

- The personnel file and supervisor file of the School Resource Officer at Spring Valley High School;
- A listing of all dates the School Resource Officer had submitted to polygraph examination(s), the name of the polygraph examiner(s), and the results of any polygraph examination(s);
- A list of complaints alleging improper conduct or any other complaints regarding this School Resource Officer, the resulting investigation, and findings; and

1

ELECTRONICALLY FILED - 2019 Jan 25 4:39 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4003800

- And copies of all policies and procedures that apply to Plaintiff's daughter's report, including any policies and procedures regarding investigations of criminal conduct by a School Resource Officer.

(See Complaint, Exhibit A)

Pursuant to S.C. Code § 30-4-30(C), the Defendant was to notify Plaintiff's Counsel in writing of its determination regarding disclosure of the requested information within 10 (ten) days of receipt of the request. According to Defendant's own calculations, the due date for this response was June 6, 2018. (See Complaint, Exhibit C). Additionally, according to S.C. Code § 30-4-30(C), if the request is granted, the requested records must be furnished or made available for inspection or copying no later than thirty calendar days from the date on which the final determination. Over the course of fifty-eight (58) days, Plaintiff's Counsel made numerous inquiries into the status of the request and clarified several specifics with the Defendant regarding the request; however, no records were produced. On July 19, 2018, the Plaintiff filed the instant action. On August 30, 2018, Plaintiff's counsel filed a motion for an expedited hearing pursuant to S.C. Code Ann. 30-4-10. On or around September 11, 2018, Defendant produced the following records:

- Personnel file
  Bates numbered documents 00432-A-001 through 00432-A-139
- 2018 Internal Affairs file
  Bates numbered documents 00432-B-001 through 00432-B-039
- Previous Internal Affairs History
  Bates numbered documents 00432-C-001 through 00432-C-016
- Criminal Investigation
  Bates numbered documents 00432-D-001 through 00432-D-061
- Video: April 18, 2018 forensic interview of Jane Doe/Minor child
  [2:27:49 length]
- Video:     April 19, 2018 polygraph interview of Defendant's employee
  [1:22:28 length]
- Video: April 20, 2018 forensic interview of Jane Doe/Minor child
  [2:24:54 length]

2

ELECTRONICALLY FILED - 2019 Jan 25 4:39 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4003800

A hearing was held in open court on October 30, 2018, at which time James B. Moore III and Scott C. Evans appeared on behalf of the Plaintiff and Robert D. Garfield appeared on behalf of the Defendant.   At the hearing, Counsel for the Defendant acknowledged that the Plaintiff was entitled to the records she had requested in the FOIA request.

After careful consideration of the written and oral submissions of counsel in this matter, the Court grants Plaintiff an injunction and awards Plaintiff attorneys' fees pursuant to the affidavits submitted at the hearing. Specifically, it is Ordered that the Defendant is permanently enjoined and restrained from asserting exemptions from mandatory disclosures that have no legal or factual justification. A violation of FOIA is an irreparable injury for which no adequate remedy at law exists, and Defendant's violation establishes the appropriate threshold for injunctive relief pursuant to S.C. Code § 30-4-100. At the hearing, the Defendant agreed that the Plaintiff is entitled to the information she sought in her FOIA request. Thus, Plaintiff is entitled to injunctive relief. Defendant shall forward any and all remaining documents, including the policies and procedures referenced in the initial FOIA request and believed to be outstanding at the time of the hearing, within fourteen (14) days from the entry of this Order.

Additionally, pursuant to S.C. Code § 30-4-100 (B), if a person or entity seeking relief prevails, he may be awarded reasonable attorney's fees and other costs of litigation specific to the request. The six factors the trial court should consider when determining an award for attorney's fees are: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results obtained; and (6) the customary legal fees for similar services. Jackson v. Speed, 326 S.C. 289, 486 S.E.2d 750 (1997). The Court has reviewed the affidavits submitted by counsel in connection with these factors and hereby finds that the affidavits of Plaintiff's counsel satisfy

these factors. As such, the Court awards the Plaintiff attorneys' fees in the amount of $10,515.00 (reflecting the fees for the time incurred prior to and not including the date of the hearing) to be forwarded to Plaintiff's Counsel within fourteen (14) days from the entry of this Order.

**IT IS SO ORDERED.**

_____
The Honorable R. Keith Kelly

Gaffney, South Carolina
_____, 2019

ELECTRONICALLY FILED - 2019 Jan 25 4:39 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4003800



Richland Common Pleas

**Case Caption:**   Jane  Doe  vs  Richland County Sheriffs Department

**Case Number:**   2018CP4003800

**Type:**   Order/Permanent Injunction

It is so Ordered.

s/ R. Keith Kelly - 2165

Electronically signed on 2019-01-25 14:11:32     page 5 of 5

ELECTRONICALLY FILED - 2019 Jan 25 4:39 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4003800