IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mother Doe, individually and as the Mother and Natural Guardian for Jane Doe, a minor,<br><br>                      Plaintiff,<br>vs.<br><br>Richland County School District Two, Sheriff of Richland County in his official capacity d/b/a Richland County Sheriff's Department ("RCSD"), John E. Ewing, and Jamel Bradley,<br><br>                      Defendants. | Civil Action No. 3:18-cv-2731-CMC<br><br>**Order Denying Defendant Bradley's Motion for Summary Judgment (ECF No. 150)** |

Through this action, Mother Doe seeks recovery from Richland County School District Two, Sheriff of Richland County in his official capacity d/b/a Richland County Sheriff's Department, John E. Ewing, and Jamel Bradley for alleged sexual assaults upon Jane Doe, the minor daughter of Mother Doe, during former[1] Deputy Bradley's employment as a School Resource Officer at Spring Valley High School. The matter is before the court on Deputy Bradley's motion for summary judgment. ECF No. 150. For reasons set forth below, the motion for summary judgment is denied.

## STANDARD

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that

---

[1] Subsequent to the filing of this lawsuit, the Sheriff terminated Deputy Bradley. As this case involves actions by Bradley as a Deputy Sheriff, he is referred to herein as "Deputy Bradley."

there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). While all justifiable inferences must be drawn in favor of the non-movant, *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990), a non-moving party cannot create a genuine issue of material fact through mere speculation or the building of inference upon inference. *Beale v. Hardy*, 769 F.2d 213 (4th Cir. 1985).

Rule 56(c)(1) provides as follows:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or
>
> (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

**FACTUAL ALLEGATIONS**[2]

Mother Doe alleges that during her daughter Jane Doe's freshman and sophomore years at Spring Valley High School (2016-2017 and 2017-2018), Jane Doe was sexually assaulted by Defendant Jamel Bradley, a Richland County Sheriff's Deputy serving as a School Resource Officer ("SRO").[3]  It is alleged that the assaults occurred on five separate occasions on the high school campus, and involved unwanted kissing, sexual touching, and/or sexual fondling.  ECF No. 1 at 4.[4]

The Complaint alleges two causes of action against Deputy Bradley, the first on behalf of Jane Doe under 42 U.S.C. § 1983 for violation of her Fourteenth Amendment substantive due process right to bodily integrity and to be free from sexual assault by a state actor.  ECF No. 1 at 11, Second Cause of Action.  The other cause of action, a state law claim for loss of personal services, is brought by Mother Doe against Deputy Bradley and others.  *Id.* at 22, Ninth Cause of Action.[5]

---

[2] The facts are presented in the light most favorable to Plaintiff.  *See* Standard, *supra*.

[3] Jane Doe was 14 and 15 years old during this time period.

[4] Jane Doe ultimately reported instances in which Deputy Bradley, while in uniform, touched her buttocks, kissed her neck, went up her shirt, kissed her lips, and touched her vaginal area.  ECF No. 150-1 at 5.  Certain of these alleged assaults took place inside Deputy Bradley's office at the high school.  ECF No. 1 at 4.

[5] The summary judgment motion filed by Deputy Bradley does not address this claim.

3

**DEPUTY BRADLEY'S MOTION**

Deputy Bradley argues he is entitled to summary judgment on the § 1983 claim because, even if Jane Doe's allegations are taken as true for purposes of summary judgment, such actions "may give rise to state law claims of civil assault, civil battery, infliction of emotional distress, or outrage, they do not amount to conduct that warrants a violation of a constitutional right invoking a remedy under 42 U.S.C. § 1983." ECF No. 150-1 at 8. He contends his conduct did not "shock the conscience," as he did not "intend to injure in some way unjustifiable by any government interest." *Id.*[6] He notes the liberty interest in bodily integrity is recognized only in very limited circumstances, which are not present here, and thus Jane Doe's relief should be limited to that provided by state tort claims. *Id.* at 8-9.

If the court finds a constitutional violation, Deputy Bradley submits he is entitled to qualified immunity because the "specific conduct being challenged by Jane Doe is nowhere near the same degree of wanton infliction of physical harm as was perpetrated through the abduction and rape in *Jones*[7], and does not sufficiently fill out the contours of a constitutional right." *Id.* at 12.

In her opposition memorandum, Jane Doe argues Deputy Bradley violated her right to bodily integrity, and that a "liberty deprivation of great magnitude" occurs when a victim is

---

[6] Obviously, there is never any justification for sexually molesting a schoolchild.

[7] Plaintiff cites *Jones v. Wellham*, 104 F.3d 620, 628 (4th Cir. 1997) in support of her § 1983 claim, but Deputy Bradley argues that case is factually distinguishable.

sexually assaulted. ECF No. 162 at 3. She contends she has presented "clear evidence of a constitutional violation . . . [that is] clearly protected by the Due Process Clause of the Fourteenth Amendment according to both the United States Supreme Court and the Fourth Circuit Court of Appeals." *Id.* at 7. Jane Doe also argues her right to be free from sexual assault was clearly established prior to the actions at issue in this case. *Id.* at 9-10.

In his Reply, Deputy Bradley argues Jane Doe should have brought state law tort claims against him instead of a constitutional claim under § 1983. ECF No. 165 at 4. He contends the degree of conduct in previous § 1983 cases cited is distinguishable from this case, and therefore Jane Doe's § 1983 claim should be dismissed. *Id.* at 5. He further argues if the claim survives, he is entitled to qualified immunity because "a reasonable person in the official's position could have failed to appreciate that his conduct would violate" Jane Doe's constitutional rights. *Id.* at 10 (citing *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991)).

## DISCUSSION

1. *Constitutional Right*

The question presented in this case is: does a deputy, in uniform, acting as an SRO, violate a 14 to 15-year-old minor student's substantive due process right under the Fourteenth Amendment when he sexually touches, fondles, and kisses her on the school campus? Specifically, it is alleged

Jane Doe was sexually assaulted by Deputy Bradley while at school, in violation of her constitutional right to bodily integrity.[8]

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges, or immunities secured by the Constitution." *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). Under established Fourth Circuit precedent, this includes a Fourteenth Amendment substantive due process right against state actor conduct that deprives an individual of bodily integrity. *Id.* at 436-37; *Baynard v. Malone*, 268 F.3d 228, 235 n.4 (4th Cir. 2001) (molestation of student by teacher was a "constitutional injury"); *Jones v. Wellham*, 104 F.3d 620, 628 (4th Cir. 1997); *Hall v. Tawney*, 621 F.2d 607, 612-13 (4th Cir. 1980). Accordingly, "state actions that result in sexual abuse of children can be actionable under § 1983." *Rosa*, 795 F.3d at 437 (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443 (5th Cir. 1994) (a student has a liberty interest in bodily integrity protected by the Due Process Clause of the Fourteenth Amendment and physical sexual abuse by a school employee violates that right)).

The Supreme Court has held freedom from "unjustified intrusions on personal security" is encompassed in the "historic liberty interests" protected by the Fourteenth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 673 (1977). Further, as reasoned by the Fourth Circuit, the right to bodily integrity in a school setting is one "to be free of state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock the

---

[8] Deputy Bradley acknowledges that, for the purposes of summary judgment, the evidence is viewed in the light most favorable to the non-moving party, and he thus does not "dispute the veracity of Jane Doe's account. . . at this point in the process." ECF No. 165 at 2.

conscience of a court." *Hall*, 621 F.2d at 613. "The existence of this right to ultimate bodily security, the most fundamental aspect of personal privacy, is unmistakably established in our constitutional decisions as an attribute of the ordered liberty that is the concern of substantive due process." *Id.*; *Taylor Indep. Sch. Dist.*, 15 F.3d at 451-52 ("It is incontrovertible that bodily integrity is necessarily violated when a state actor sexually abuses a schoolchild and that such misconduct deprives the child of rights vouchsafed by the Fourteenth Amendment."); *Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495, 506 (6th Cir. 1996) ("[W]e hold that a schoolchild's right to personal security and bodily integrity manifestly embraces the right to be free from sexual abuse at the hands of a public school employee.").

The court finds Deputy Bradley's alleged sexual assaults of the minor Jane Doe constitute a violation of her substantive due process right to bodily integrity protected by the Fourteenth Amendment. A deputy sheriff, serving as an SRO in a high school, whose purpose was to protect, instead allegedly subjected a minor as young as 14 years-old to unwanted sexual touching and fondling on her high school campus. Such actions are illegal under South Carolina law and constitute criminal sexual conduct in the second degree. *See* S.C. Code § 16-3-655 ("A person is guilty of criminal sexual conduct with a minor in the second degree if: (2) the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim."). This conduct is disturbing when perpetrated by any adult. When committed by a sheriff's deputy entrusted with the protection of children in a school setting

where he carries a position of trust and authority, such conduct shocks the conscience. *See Claiborne County*, 103 F.3d at 507 ("If the 'right to bodily integrity' means anything, it certainly encompasses the right not to be sexually assaulted under color of law. This conduct is so contrary to fundamental notions of liberty and so lacking of any redeeming social value, that no rational individual could believe that sexual abuse by a state actor is constitutionally permissible under the Due Process Clause."). Accordingly, the court finds Jane Doe has alleged a violation of her Fourteenth Amendment substantive due process right to bodily integrity.[9]

2. <u>Qualified Immunity</u>

Qualified immunity shields government officials from liability in a § 1983 lawsuit unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *E.W. by and through T.W. v. Dolgos*, 884 F.3d 172, 178 (4th Cir. 2018) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." *Id.*; *see also Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)

---

[9] The court will not, therefore, dismiss this claim with leave to file a tort claim in state court, as Deputy Bradley argues in his motion. *Hall*, 621 F.2d at 612 ("federal courts may not avoid the obligation to define and vindicate the federal constitutional right merely because of a coincidence of related rights and remedies in the federal and state systems.").

("[G]overnment officials performing discretionary functions[10] are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). "If the right was not 'clearly established' in the 'specific context of the case'—that is, if it was not 'clear to a reasonable officer' that the conduct in which he allegedly engaged 'was unlawful in the situation he confronted'—then the law affords immunity from suit." *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 301 (4th Cir. 2004).

Prior to the alleged sexual assaults in this case, "under established precedent," the Fourth Circuit held students have a right to bodily integrity and to be free from sexual assaults by state actors. *Rosa*, 795 F.3d at 436-37 (citing *Hall*, 621 F.2d at 612-13); *see also Baynard*, 268 F.3d at 235 n.4. Further, the court finds a reasonable officer in Deputy Bradley's position could not have failed to appreciate the conduct alleged was "unlawful in the situation he confronted": that of a deputy sheriff in a position of authority at a public high school, who sexually groped, fondled, and/or kissed a female student on five occasions.

---

[10] Plaintiff also argues Deputy Bradley was not performing a discretionary function when he allegedly sexually assaulted Jane Doe. The court need not make a determination on this point, as it has determined Deputy Bradley is not entitled to qualified immunity.

## CONCLUSION

For the reasons above, the court concludes Plaintiff has demonstrated a violation of a constitutional right and Deputy Bradley is not entitled to qualified immunity. Accordingly, his motion for summary judgment is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 20, 2020

10