IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mother Doe, individually and as the Mother and Natural Guardian for Jane Doe, a Minor,<br><br>    Plaintiff,<br><br>        v.<br><br>Richland County School District Two, Sheriff of Richland County in his official capacity d/b/a Richland County Sherriff's Department, John E. Ewing, and Jamel Bradley,<br><br>    Defendants. | C/A No.  3:18-cv-02731-CMC<br><br><br><br><br>OPINION AND ORDER<br>ON MOTIONS TO SEAL EXHIBITS<br>(ECF Nos. 145, 160) |

This matter is before the court on motions to seal documents filed in support of the summary judgment motion filed by Defendants Sheriff of Richland County in his official capacity d/b/a Richland County Sheriff's Department and John E. Ewing[1] (ECF No. 132 (motion), No. 142 (exhibits)), documents filed in support of Plaintiff's response in opposition to the Sheriff's Department's motion (ECF No. 146); and documents filed in support of Defendants' reply (ECF No. 159).  ECF Nos. 145, 160.  The Sheriff's Department seeks to seal three exhibits containing deposition testimony.  ECF No. 160.[2]  Plaintiff Mother Doe ("Plaintiff") seeks to seal ten exhibits to her response in opposition.  ECF No. 145.  For reasons set forth below, the motions to seal

_____

[1] The Sheriff of Richland County in his official capacity d/b/a Richland County Sheriff's Department and John E. Ewing shall be collectively referred to as "Sheriff's Department."

[2] The Sheriff's Department initially moved to seal all exhibits to its motion for summary judgment, including the memorandum, but withdrew that motion after opposition from Plaintiff and the court. ECF Nos. 131, 137, 138, 140.

related to the briefing of the Sheriff's Department's motion for summary judgment are granted in part and denied in part.

## STANDARD

As explained in *Ashcraft v. Conoco, Inc.*, "before a district court may seal any court documents, . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000); *see also Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir.1988) ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances.").

The last step in this process requires the court to first determine the source of the public right of access. *Doe v. Public Citizen,* 749 F.3d 246, 266 (4th Cir. 2014) (relying on *Stone* in holding district courts must first determine source of right-of-access as to each document for which sealing is sought); *Stone*, 855 F.2d at 180. As explained in *Stone*:

> The common law presumes a right to inspect and copy judicial records and documents. . . . The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion.
>
> Where the First Amendment guarantees [apply], . . . [public] access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.

*Stone*, 855 F.2d at 180. Because summary judgment substitutes for trial, judicial records filed in connection with a summary judgment motion may be sealed only if the First Amendment standard is satisfied. *Id.* (citing *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *see also Doe*, 749 F.3d at 267 ("We have squarely held that the First Amendment right of

2

access attaches to materials filed in connection with a summary judgment motion."). When the government is a party to litigation, the "interest of the public and press in access to civil proceedings is at its apex . . . the public has a strong interest in monitoring not only the functions of the courts but also the positions that its elected officials and government agencies take in litigation. *Doe*, 749 F.3d at 271.

To support sealing, the party seeking such protection must not only identify a protectable interest, but must also proffer evidence that substantiates the risk of harm. *Id.* at 270. As the majority explained, it had "never permitted wholesale sealing of documents based upon unsubstantiated or speculative claims of harm[.]" *Id.*; *see also Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (reversing district court's sealing of documents submitted to the court for consideration of a summary judgment motion because such documents must be reviewed individually and the district court must produce "specific, on-the-record findings that sealing is necessary to preserve higher values," as opposed to simply making "generalized statements about the record as a whole.").

In sum, because the motions under consideration address documents filed in connection with a motion for summary judgment, the First Amendment standard applies. To support sealing under that standard, the parties must present concrete proof that the public right of access is outweighed by a compelling governmental interest and sealing is narrowly tailored to serve that interest.

"Federal courts have traditionally recognized that in some cases the presumption of open trials – including identification of parties and witnesses by their real names – should yield in deference to sufficiently pressing needs for party or witness anonymity." *James v. Jacobson*, 6

F.3d 233, 242 (4th Cir. 1993). Factors to be considered when determining whether a privacy right outweighs the presumption of open trials include:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 238. The Fourth Circuit more recently reexamined these requirements and determined "a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe*, 749 F.3d at 274; *see also Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (allowing use of a pseudonym when "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings"); *Roe v. Aware Woman Ctr. for Choice*; 253 F.3d 678, 685 (11th Cir. 2001) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings."); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) ("[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.").[3]

---

[3] The portions of *Jacobson* and *Doe,* and the cases from other circuits, regarding privacy interests mainly concern a district court's decision to allow a party to litigate under a pseudonym. The court has already allowed Mother Doe and Jane Doe to proceed anonymously in this case. However,

## DISCUSSION

### A. Public Notice and Opportunity to Comment

The motions to seal were filed in the public record and are reflected on the public docket. Each of the motions includes a general description of the documents to be sealed and at least some explanation of the reasons sealing is sought.[4] The docketing and public availability of the memoranda in support of sealing satisfies the requirement of public notice.

The parties have noted, either by supplement or in the motion, that each motion to seal is filed with the consent of the opposing party. Despite an opportunity to do so, no member of the public or press has filed any objection to sealing the documents described. The court is aware of some press coverage of Defendant Bradley and his employment with the Sheriff's Department; however, no member of the press has responded to the filing of the motions to seal.

### B. Consideration of Less Drastic Alternatives

The parties have, to some degree, addressed and the court has considered less drastic alternatives to sealing, including, most critically, redaction. Redaction is appropriate for exhibits to the extent possible when they reveal personal identifying information about victims or personal medical information. The court will allow the parties to redact certain categories of confidential information in documents that have not yet been filed in the public record including names and other identifying information, as well as medical diagnoses/treatment, relating to victims or minor witnesses that may be included in such documents. When redaction is not possible due to the

the same concerns apply to sealing documents and exhibits containing names or identifying information about Mother Doe, Jane Doe, or other victims.

[4] The explanations are, however, quite cursory.

volume of sensitive or confidential information present in an exhibit, sealing of the entire exhibit may be appropriate.

### C. Determination of Right and Balancing of Interests

As to the third step, the court finds all documents for which sealing is sought are subject to a First Amendment right of access because all are filed in connection with a summary judgment motion. For reasons explained below, the court finds the parties have established a basis for sealing portions of the requested exhibits to their summary judgment motion through limited redaction, and that only one document shall be sealed in its entirety.

#### a. *Sheriff's Department's Motion to Seal*

The Sheriff's Department seeks to seal excerpts from three depositions submitted as exhibits to its reply: Jane Doe, Mother Doe, and the Target student. ECF No. 160.[5] The motion argues the testimony "contain[s] sensitive, personal, and/or confidential information and that filing such information on ECF could constitute an unreasonable invasion of personal privacy interests." *Id.* at 1.

#### b. *Mother Doe's Motions to Seal*

Mother Doe seeks to seal the following in support of her response in opposition to summary judgment: 1) Forensic Interview of Jane Doe; 2) Report of Forensic Interview of Jane Doe; 3) Expert Report of Dr. Salas; 4) Target student deposition excerpts; 5) Bradley's Phone Records; 6) Bradley's emails with the Target student; 7) Memo of Ewing dated April 17, 2018; 8) Stacey

---

[5] The court notes the Sheriff's Department has also redacted one exhibit filed in support of its summary judgment motion, but did not file a motion to seal the redacted portions. ECF No. 142-1. The court has determined, upon reviewing the exhibits to the Sheriff's Department's motion for summary judgment, that the redacted Exhibit 1 requires further redaction.

Baker's notes from her meetings with Jane Doe; 9) Arrest summary dated November 18, 2019;
10) pre-employment polygraph of Bradley. ECF No. 145. Plaintiff argues these exhibits are
confidential; contain sensitive, personal, and/or confidential information about minor victims of
alleged sexual assault; or should be sealed under federal privacy laws related to confidential
student information. *Id.*

### c. *Analysis*

This case involves highly personal and sensitive information: allegations of sexual assault
against a minor student. The court has reviewed each exhibit submitted *in camera* and has
determined all are replete with and contain sensitive information identifying minor victims of
sexual assault including names and other identifying information, and/or medical information
regarding protected details and treatment. In deciding the Sheriff's Department's summary
judgment motion, however, the court found it necessary to cite information in several of the
documents subject to the request to seal in order to explain its decisions. For this reason, because
the entire documents did not contain information subject to seal, and because the parties' briefing
had already revealed much of the information sought to be sealed, the documents could not be
sealed in their entirety. The court has, therefore, reviewed each document *in camera*, and
determined the portions to be redacted. The court will provide these redactions to the parties, who
are hereby ordered to redact each exhibit only as noted and then file them in the public record.
Those documents are: deposition transcripts of Jane Doe, Mother Doe, and the Target student;
Report of Forensic Interview of Jane Doe; Bradley's Phone Records; Bradley's emails with the
Target student; Memo of Ewing dated April 17, 2018; and Stacey Baker's notes from her meetings
with Jane Doe.

Four of the exhibits sought to be sealed by Plaintiff were not relied on by the court in making the summary judgment determination. One, the arrest report, has a very minor redaction for personally identifying information, which Plaintiff shall redact and file in the public record. Two, the Forensic Interview excerpt and pre-employment polygraph, do not contain information subject to redaction and shall be filed by Plaintiff as submitted to the court. The last, the expert report of Dr. Salas, is replete with identifying and highly sensitive information regarding mental health history, diagnosis, and treatment. It is not possible to redact this document and still protect the minor victim. Therefore, the court has determined sealing is appropriate as to Dr. Salas' report only.

The court finds the requests to seal and redactions to be applied are not merely to avoid "annoyance and criticism," but are necessary to preserve privacy in a matter of most sensitive and highly personal nature. The victims include the minor Plaintiff, Jane Doe, as well as several other minor witnesses. Based on the nature of this case and of the documents requested to be sealed, the court has considered methods to best protect the minor victims and believes less restrictive measures than the redactions identified would not be appropriate or able to ensure the privacy of the minors in this case.

The public right of access in this case is outweighed by a compelling interest in the privacy of minor victims of sexual assault, and is narrowly tailored to serve that interest by redaction of limited parts of most of the exhibits. As specified above, each document has been examined by the court, and redacted or sealed only as required to protect the minor victims in this case. This balance properly protects the minors while retaining the public's "strong interest in monitoring the courts."

## CONCLUSION

For the reasons stated above, the court grants the motions to seal (ECF Nos. 145, 160) in part and denies them in part. The parties shall apply the redactions as supplied by the court and submit the redacted documents for filing, including Exhibit 1 to the Sheriff's Department's motion for summary judgment (for which no motion has been filed) no later than March 12, 2020. The two exhibits not subject to redactions are to be submitted for filing by Plaintiff in their entirety by the same date. Only the report of Dr. Salas may remain sealed.[6]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 5, 2020

---

[6] This exhibit shall be filed as a sealed document no later than March 12, 2020.