UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
RICHLAND DIVISION

| | |
|---|---|
| Mother Doe, etc., <br><br> Plaintiff, <br><br> vs. <br><br> Richland County School District Two, et al, <br><br> Defendants. | C.A. No.: 3:18-cv-02731-CMC <br><br><br> **EMPLOYERS MUTUAL CASUALTY COMPANY'S AMENDED NOTICE OF MOTION AND MOTION TO INTERVENE** |

YOU WILL PLEASE TAKE NOTICE that 10 days after the service hereof, or as soon thereafter as the court may determine, the undersigned attorneys for Employers Mutual Casualty Company (hereinafter "EMC"), the proposed intervener, will move before the court for an order pursuant to Rules 5, 24 and 49 of the Federal Rules of Civil Procedure, permitting EMC to intervene in the above-captioned action, outside the presence of the jury and for the limited purpose of protecting its interests under certain CGL and umbrella policies issued by it to Richland School District 2 (hereinafter "Richland").

Specifically, EMC seeks to intervene in this action solely for the purpose of requesting, outside the presence of the jury, that special interrogatories and/or a special verdict form or a general verdict form accompanied by written questions be submitted to the jury from which the parties can make a determination of the apportionment of damages for each cause of action, if any, awarded to the plaintiffs against Richland and resolve common issues of fact from which a determination of the applicability of insurance coverage provided under the EMC policy may be made. *See FRCP 24 and FRCP 49.*

In accordance with Local Rule 7.04, a full explanation of this Motion is set forth herein, and therefore no supporting memorandum is attached. Pursuant to Federal Rule of Civil

Procedure 37(a)(3)(B) and Local Rule 7.02, counsel for EMC conferred with counsel for all parties in a good faith effort to resolve this dispute, but has been unable to do so.

This motion is based upon the following grounds:

1. EMC issued certain commercial general liability and umbrella insurance policies to Richland. These policies contain certain terms, conditions and exclusions which may be applicable in this case. That applicability depends upon the factual and legal determinations made at trial. EMC is currently defending Richland in this matter, subject to a full and complete reservation of rights.

2. In this action, the plaintiffs allege that the minor plaintiff has sustained physical and psychological injuries, mental anguish and emotional distress and has been deprived of the enjoyment of her life as a result of conduct on the part of the defendants, including Richland. The plaintiffs also allege that the minor and/or her mother have incurred and will incur medical bills in the future as a result of the defendants' conduct. In their prayer for relief, the plaintiffs seek actual, consequential and punitive damages along with costs and attorney's fees. They also submit that each and every alleged assault presented different injuries and damages which contributed to the overall injuries suffered by them.

3. In the complaint originally filed, the plaintiffs set forth nine causes of action. Of those, causes of action for negligence/gross negligence, violation of Title IX of the Education Amendments Act of 1972, negligent hiring, supervision and retention, breach of fiduciary duty, civil conspiracy, and loss of personal services were alleged against Richland. Subsequently, the plaintiffs conceded that the civil conspiracy and breach of fiduciary causes of action should be dismissed. The court then granted Richland's motion for summary judgment as to the negligent supervision, hiring and retention claim and ruled that punitive damages were not recoverable. It

also granted in part and denied in part Richland's motion for summary judgment as to the Title IX claim. As such, the only causes of action remaining against Richland are for negligence/gross negligence, violations of Title IX and loss of personal services.

4. EMC alleges and maintains that there may not be coverage for some or all of the claims raised by the plaintiffs in these causes of action against Richland because they are either not covered or coverage is excluded under the terms of the policies at issue.

5. Because there are issues as to the coverage, if any, afforded to Richland, EMC seeks an order permitting it to intervene in this action as a matter of right in accord with Federal Rule of Civil Procedure 24(a) for the limited purpose of submitting and participating in the preparation of jury instructions, special interrogatories, a special verdict form or a general verdict form with written questions that address factual issues related to the coverage, if any, provided to Richland under the terms of the EMC policies based upon the claims asserted against Richland in this action as provided for by FRCP 49.

6. EMC does not seek to actively participate in the pre-trial proceedings or the trial of the action other than to make a motion, at the appropriate time, and outside the presence of the jury, to submit a special verdict form and/or special interrogatories or a general verdict form with written questions to the jury, after the close of evidence. By proceeding in this fashion there will be no mention of insurance coverage during the trial and, therefore, no resulting prejudice to Richland. Also, EMC's intervention will not cause any delay or interference with the trial of this case. EMC makes this motion at this time because mediation recently held in this case proved to be unsuccessful. EMC contends that the motion is filed timely since trial is not imminent, there is nothing in the filing of this motion at this time which will impede the parties or the court in the

3

progression of the case and there is no prejudice to either party as a result of the motion being filed at this time. *Maxum Indemnity Company vs. Biddle Law Firm*, 329 F.R.D. 550 (2019)

7. Without this intervention, EMC's interests are not protected and cannot adequately nor completely be protected. EMC has a significantly protectable interest separate and apart from that of the parties to the case, including an interest in regard to its obligation to indemnify Richland if a verdict is returned on covered claims or damages. *See, Maxum Indemnity, supra.* Additionally, without this intervention, the parties will likely be required to utilize resources and incur expenses, and a court will likely utilize scarce judicial resources, in a post-trial legal action in which the parties will litigate the facts that are necessary for determining coverage. This intervention avoids these unnecessary costs, preserves scarce judicial resources, and permits the parties to most efficiently obtain the necessary information for insurance coverage purposes.

8. If the court permits EMC to intervene in this action, it requests that its limited participation in the existence of possible insurance coverage for Richland not be revealed to the jury, as any reference to insurance coverage would be improper and prejudicial. EMC is amenable to not being named in the case caption or, if it is named in the caption, being removed therefrom at the appropriate time so as to insure the jury never has notice of its limited involvement in this action.

9. EMC's limited intervention in this action is proper and necessary, as its failure to obtain pertinent information by use of special interrogatories, a special verdict form or general verdict form with written questions may result in the subsequent contention being made that it is estopped from asserting, or has waived its right to assert, that the policies issued by it to Richland do not provide coverage for some or all of the damages rendered in a general verdict form or otherwise against Richland. *See,eg,Harleysville Group Insurance v. Heritage*

*Communities*, 420 SC 321,803 S.E. 2d 288 (2017).[1] As such, failing to allow it to intervene in this action would practically impair its ability to protect its interests. S*ee, Maxum Indemnity, supra.*

10. EMC's motion for limited intervention will not prejudice the rights of any party to this action and will not delay the trial of this case. Moreover, the special interrogatories, special verdict form, or general verdict form with written questions contemplated are not beyond the scope of the claims asserted against Richland in this action and will decrease the likelihood of the need for subsequent coverage litigation. As liberal intervention is desirable to dispose of as much of a controversy as is compatible with efficiency and due process, it contends that its motion should be granted. *Feller vs. Brock*, *802 F.2d 722 (1986)*

11. EMC has an interest relating to the subject matter and is so situated that disposition of the action may, as a practical matter, impair or impede its ability to protect its interests. Moreover, EMC's interests may not be adequately represented by the existing parties in that neither the plaintiffs' counsel nor defense counsel retained to represent Richland may, or will, advocate any coverage position that would be against their clients' interest. *See, Maxum Indemnity, supra.* As such, EMC contends that it should be permitted to intervene as a matter of right in accordance with Rule 24(a) of the Federal Rules of Civil Procedure.

12. Alternatively, EMC contends that it is entitled to permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure because its policy defenses and the issues in this action have common questions of fact relating to the conduct of Richland and the damages that

---

[1] EMC does not concede that it is required to intervene to preserve its right to contest coverage under the policies in the event that there is a general verdict in this action. However, it is unclear based on the South Carolina Supreme Court's opinion in *Harleysville Group Insurance v. Heritage Communities*, 420  SC 321,803 S.E. 2d 288 (2017), whether and to what extent intervention is required in order to contest coverage where there is no allocation of damages if a general verdict is rendered.

may be awarded to the plaintiffs against it. *South Carolina Electric and Gas Company vs. Whitfeld, et al, 2018 WL 3470660 (2018.)* As noted, the intervention sought will not unduly delay or prejudice the adjudication of the original parties' rights as it will be handled solely through the submission of a special verdict form, special interrogatories, or a general verdict form with written questions submitted to the jury after the close of evidence in this action.

13. In the event the court denies EMC's request for limited intervention, it respectfully requests that its counsel be allowed to attend all discussions held in Chambers between the parties and the trial judge, and have the right to request and submit special interrogatories, a special verdict form or a general verdict form with written questions in the event a verdict is rendered against Richland.

14. Alternatively, if the court denies EMC's motion to intervene and its request to submit special interrogatories, seek a special or general verdict form with written questions, without conceding it would be bound, EMC respectfully requests that this court find that it will not be bound by any judgement entered in this action against Richland and that it may subsequently litigate all facts relevant to the determination of the coverage afforded, if any, to Richland under the policies issued by EMC for the claims asserted against it in this action.

WHEREFORE, EMC respectfully requests that this court grant its motion and permit it to intervene in this action for the limited purposes set forth above. Alternatively, if this motion is denied, EMC requests that the court enter an order stating that it will not be bound by any judgment entered against Richland in this action and that it reserves its rights to, and can, litigate the facts and issues relevant to the insurance coverage if any, afforded to Richland under the policies issued by it for the claims asserted against it in this action even if that includes the issues in this case being re-litigated.

/s/ Phillip E. Reeves<br>
Phillip E. Reeves (Fed. I.D. No. 3232)<br>
Gallivan, White & Boyd, P.A.<br>
Post Office Box 10589<br>
Greenville, South Carolina 29603<br>
(864)271-9580<br>
preeves@gwblawfirm.com

Attorneys for Employers Mutual Casualty Company

Greenville, South Carolina

April 2, 2020

    Pursuant to FRCP 11, the undersigned certifies that consultation with counsel would serve no useful purpose.

/s/ Phillip E. Reeves  
Phillip E. Reeves