**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| MOTHER DOE, INDIVIDUALLY AND AS THE MOTHER AND NATURAL GUARDIAN FOR JANE DOE, A MINOR, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | **C.A. No.: 3:18-cv-02731-CMC** |
| vs. | ) ) | |
| RICHLAND COUNTY SCHOOL DISTRICT 2, SHERIFF OF RICHLAND COUNTY IN HIS OFFICIAL CAPACITY D/B/A RICHLAND COUNTY SHERIFF'S DEPARTMENT, and JAMEL BRADLEY, | ) ) ) ) ) ) ) ) | **PLAINTIFFS' RESPONSE TO EMPLOYERS MUTUAL CASUALTY COMPANY'S MOTION TO INTERVENE** |
| Defendants. | ) ) | |

Come now the Plaintiffs, and hereby respond in opposition to Employers Mutual Casualty Company's (hereinafter "EMC Insurance's") motion to intervene. (ECF No. 195). Though the Plaintiff recognizes that the Court has wide discretion in determining whether to allow a party to intervene pursuant to Federal Rule of Civil Procedure 24(a) and (b), the Plaintiff does object to EMC Insurance's specific request to intervene secretly in this case in violation of Federal Rule of Civil Procedure 24. Further, in the event that EMC Insurance is permitted to intervene in this matter instead of availing itself of its right to seek a declaratory judgment action, the Plaintiff would request that limitations be imposed to prevent delay and obstruction which will prejudice all of the current parties to this matter.

**I.      EMC Cannot Intervene Secretly**

EMC seeks to have the benefits of being a party to this action, without any of the transparency necessary to ensure a fair trial. EMC Insurance indicates that it is "amenable to not

being named in the case caption or, if it is named in the caption, being removed therefrom at the appropriate time so as to insure the jury never has notice of its limited involvement in the case." (ECF No. 195 at p. 4). There is no legal support for a party being permitted to intervene pursuant to Rule 24 while also having its presence in the case kept secret from the jury. EMC Insurance seeks to use its limited intervention as a weapon and a shield. It seeks the benefit of obtaining coverage information from the jury for the purpose of using against its insured at a later date, while also having its identity protected from the jury in hopes that will somehow disadvantage the Plaintiff from recovering the full measure of damages against its insured. All current parties would be prejudiced if a party and its lawyers were allowed to participate in a case without the jurors being polled about their knowledge of or possible relation to a party in the case. Even in cases in which intervention has been allowed pursuant to Rule 24, our District Courts have required that the intervening party be added to the caption as an "Intervenor-Defendant" and thus identified for the jury. See Maxum Indem. Co. v. Biddle Law Firm, PA, 329 F.R.D. 550, 557 (D.S.C. 2019). Rule 24 allows for a party with an interest to come into the action as a party, not as a ghost-writer of jury interrogatories or instructions. Should EMC Insurance be allowed to participate in the case, the current parties would be greatly prejudiced if the jurors are not polled as to their knowledge of, connection to, and biases for or against EMC Insurance and its counsel[1]. As such, the Plaintiff requests that if intervention is to be permitted, EMC Insurance be added to the caption and its identity and the identity of its attorneys be introduced to the jury in the normal course at jury selection. There is simply no precedent allowing for a third-party to intervene in a case in a secret fashion. If EMC Insurance is concerned that its presence in the case as a named party may result

---

[1] Even the Plaintiffs, who have been granted the ability to proceed in this action under pseudonyms, understand and recognize that their identities will be announced to the jurors so that the jury can be properly polled.

in the jury using less restraint when awarding damages against its insured, it can simply litigate coverage issues through a separate declaratory judgment action against its insured.

## II.    EMC Insurance's Intervention Will Delay and Interfere with the Trial of This Case Unless Appropriate Safeguards are Taken

EMC Insurance asserts that its "intervention will not cause any delay or interference with the trial of this case." (ECF No. 195 at p. 3).  However, the Plaintiff has some inclination regarding how EMC Insurance's participation is likely to unfold.  The parties have previously agreed that the trial on the merits in this case will take two weeks.  EMC Insurance is likely to have its counsel monitor the entire trial, while waiting for its opportunity to introduce collateral matters of insurance coverage (relevant only to a dispute between EMC Insurance and Richland County School District 2) immediately after the close of the evidence.  At this point, EMC Insurance is expected to attempt to convert the pre-charge conference between the Court and the parties into a mini declaratory judgment action spanning well into the night.  The Plaintiff predicts that this prolonged argument will come at a time when all counsel and Court staff need to have their efforts focused on finalizing closing statements, finalizing a lengthy jury charge, and finalizing the verdict form to be presented the following day.  Nine days into a complex sexual assault trial on the eve of the jury charge is not the time for an interloper to attempt to convert the jury process into a declaratory judgment action on insurance coverage.  To prevent such disruption, the Plaintiff would ask that any proposed charges and special interrogatories be submitted at least two weeks in advance of the trial, and that any supplemental argument by counsel for EMC Insurance at the close of evidence be limited to 15 minutes.  Such a limitation will ensure that the actual parties with an interest in this matter can focus on the issues relevant to the jury's verdict, rather than on collateral issue of insurance coverage that are more-properly addressed in a separate declaratory judgment action.

3

### III.    EMC Has A Separate, More-Appropriate Forum Available To Litigate Coverage Issues

In the event that EMC Insurance opposes any of the Plaintiffs' requests above, it can simply avail itself of the traditional method for determining coverage – a declaratory judgment action against its insured.  EMC Insurance's filing of the motion to intervene has already created an unreconcilable conflict of interest between it and its insured and the counsel that it hired to represent its insured which will become even more pronounced if it is allowed to intervene.  In fact, the instant motion is already likely to result in additional lawyers being brought into the case for the purposes of addressing coverage on behalf of the District.  EMC Insurance has no claims to make in this action, no damages to allege, and no defense to assert against the Plaintiff's claims, and therefore lacks the necessary standing to intervene at this stage in this action.  South Carolina District Courts have reached this conclusion with facts parallel to the ones at hand, noting:

> Penn National does not have an interest in the subject matter of this action, that is, Mr. Lewis's allegedly negligent operation of the Boat that, in turn, led to Mrs. Lewis's tort claim for damages against Defendants. Instead, Penn National's interest is the amount it may have to pay Defendant Excel (i.e., Mr. Lewis) if Plaintiff wins. Stated differently, Penn National's interest is in how much of any future award may be attributable to damages contemplated by the policy. This maritime tort action is not the proper place to raise substantive issues of insurance law. In so holding, the Court is also persuaded by the well-established policy of preventing insurers who reserve the right to deny coverage from controlling the defense brought against its insured. Travers Indem. Co. v. Dingwell, 884 F.2d 629, 639 (1st Cir. 1989).

Lewis v. Excel Mech., LLC, No. 2:13-CV-281-PMD, 2013 WL 4762904, at *2 (D.S.C. July 16, 2013).  Here, EMC Insurance's interest arises solely out of the insurance policies it issued to Defendant Richland County School District 2, and some apparent question as to how much of the jury's verdict may be covered by insurance.  EMC Insurance's interests in the action are, at this stage, hypothetical ones, contingent upon the *outcome* of the action itself.

4

EMC Insurance seeks to interject itself into a complex jury trial regarding issues of a highly sensitive nature for the sole purpose of litigating a contractual dispute with its insured. At this stage, the precise question of coverage is not clear from EMC Insurance's filing. Interjecting extraneous and convoluted insurance coverage issues into the trial of this case in the fashion proposed by EMC Insurance will force the Plaintiff to prepare and address unknown and unexplained coverage-related interrogatories to jurors in its case in chief. This will unnecessarily complicate and prolong the trial and confuse the jury, thus prejudicing the parties. For those reasons, to the extent that this exercise will interfere with the trial on the merits in any fashion or prejudice any party to the case, EMC Insurance should be forced to handle the coverage dispute through the traditional means of a declaratory judgment action.

Respectfully Submitted,

*s/ Scott C. Evans*
Scott C. Evans, Federal ID #10874
James B. Moore III, Federal ID #10844
Evans Moore, LLC
121 Screven Street
Georgetown, SC 29440
Office: (843) 995-5000
Facsimile: (843) 527-4128
james@evansmoorelaw.com
scott@evansmoorelaw.com

Daniel C. Boles, Federal ID #12144
23 Broad Street
3870 Leeds Avenue | Ste. 104
Post Office Box 381
Charleston, SC 29402
Office: 843-576-5775
Facsimile: 800.878.5443
dan@boleslawfirmllc.com

Attorneys for the Plaintiff

April 16, 2020
Georgetown, South Carolina