IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mother Doe, Individually and as the Mother and Natural Guardian for Jane Doe, a Minor, <br><br> Plaintiff, <br><br> v. <br><br> Richland County School District Two, Sheriff of Richland County in his official capacity, and Jamel Bradley, <br><br> Defendants. | C.A. No.: 3:18-cv-02731-CMC <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS ON BEHALF OF DEFENDANT LOTT** |

## **FACTUAL BACKGROUND**

By way of recent background, on Wednesday, May 6, 2020, this Court issued its Notice of Hearing, containing pretrial protocols and jury information for the upcoming July 30, 2020 term of court. Along with this filing, the Court included jury trial roster information which includes the case at bar. [Dkt 206]

At or about this time, WIS-TV ran a web-based news update ("news article") entitled "Additional charges filed against former RCSD deputy charged with criminal sexual conduct." [Exh A] The news article briefly addressed the Defendant Bradley's former status as a deputy, the existence of previous internal investigations, and his subsequent termination and arrest. In addressing Bradley's latest arrest, Sheriff Lott was quoted, "I am mad as hell that this monster hid behind the badge and my name for all this time. This is beyond unacceptable behavior by anyone." [Exh A]

Upon information and belief, on Thursday, May 7, 2020 at about 1:00 p.m., James Moore, counsel for Plaintiff posted on Facebook: ***"Sheriff Lott trying to take the moral high ground on this matter is a total joke. Good thing he was deposed before he changed***

1

*his tune!"* [Exh. B][1]

On Friday, May 8, 2020, James Moore posted again to Facebook: *"We look forward to a jury making the determination whether Deputy Bradley 'hid behind the badge and [Lott's] name' as Sheriff Lott suggested or whether Lott instead had specific knowledge of Deputy Bradley's years of predatory behavior and was complicit in the cover up."* [Exh. C]

## LEGAL STANDARD FOR SANCTIONS

Federal Rules of Civil Procedure 11 and 37 as well as 28 U.S.C. § 1927 provide federal courts with the power to issue sanctions. In addition to these provisions, a district court has inherent power to impose sanctions for a broad range of improper attorney conduct during the course of litigation. "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers (of the Court)." *United States v. Shaffer Equip. Co.,* 11 F.3d 450, 461 (4th Cir. 1993) (citing *Chambers v. Nasco*, 501 U.S. 32, 44-45 (1991)). Thus, a "court may invoke its inherent power in conjunction with, or instead of, other sanctioning provisions." *In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997) (citing *Chambers,* 501 U.S. at 46-50).

"A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *See, Chambers,* 501 U.S. at 44-45. Sanctions imposed under the court's inherent power serve "not only to penalize the attorney, but are also necessary to deter similar conduct in the pending case and in other litigation." *In re Howe*, 800 F.2d 1251, 1252 (4th Cir. 1986).

---

[1] If so requested by the Court, an unredacted version of this exhibit is available for an *in camera* review.

Under its inherent power, "a court may issue orders, punish for contempt, vacate judgments obtained by fraud, conduct investigations as necessary to exercise the power, bar persons from the courtroom, assess attorney's fees, and dismiss actions." *Shaffer,* 11 F.3d at 462. "Since orders dismissing actions are the most severe, such orders must be entered with the greatest caution." *Id.* Moreover, "[s]anctions authorized under the court's inherent powers include the striking of frivolous pleadings or defenses, disciplining lawyers, punishing for contempt, assessment of attorney's fees, and outright dismissal of a lawsuit." *See, Drake v. Ham*, No. 3:06-1611-MJP, 2007 WL 2302575, at *2 (D.S.C. Aug. 9, 2007)

The Court's inherent power to sanction includes penalties up to and including outright dismissal of the offending party's claims. *See, Chambers,* 501 U.S. at 44-45. "[A]n assessment of attorney's fees is undoubtedly within a court's inherent power." *Id.* at 45. ***"A court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."*** *Id.* at 45-46. (Emphasis added) Unlike the statutory and rule-based sanctioning schemes, which reach only certain conduct, "the inherent power extends to a full range of litigation abuses." *Id.* at 46.

Accordingly, the District Court may exercise its inherent power "not merely to remedy prejudice to a party, but also to reprimand the offender and 'to deter future parties from trampling upon the integrity of the court." *Salmeron v. Enterprise Recovery Systems, Inc.,* 579 F.3d 787, 797 (7th Cir. 2009)

## **DISCUSSION**

The Defendant Sheriff stringently takes issue with these social media postings. The Sheriff respectfully submits that Mr. Moore's various statements and/or rants about him were made in a vexatious, wanton, and oppressive manner.

Mr. Moore's disparaging comments strongly imply that the Sheriff was either disingenuous or dishonest at his July 30, 2019 deposition along with the inference that he

3

may similarly be untruthful at trial. These remarks were both vexatious and inflammatory as they openly called into question the Sheriff's reputation for truthfulness and, presumably, his moral character as well. Mr. Moore's commentary was made without sufficient grounds and only served to personally harass or oppress the Sheriff.

Additionally, Moore's harsh statements were wanton, deliberate, and unprovoked. In the news article, the Sheriff does not address the instant litigation, nor does he reference the Plaintiff or interactions she may have had with any of the party-Defendants. As such, Mr. Moore's unsolicited remarks on the public social website were wanton, willful, and undertaken with a reckless disregard for the consequences of his behavior.

Finally, Mr. Moore's personal views were disseminated in a public forum as an ostensible attempt to influence the public, including friends, colleagues, and/or the community.[2] The Sheriff believes that this was unjust, oppressive, and, upon information and belief, constituted conduct prejudicial to the administration of justice.

For the foregoing reasons, the Defendant Sheriff respectively requests this Court to issue appropriate sanctions against Mr. Moore for his wanton conduct, including, but not limited to, monetary sanctions for contempt against Mr. Moore for his vexatious, reckless, and oppressive actions; compelling Mr. Moore to post a retraction or renunciation on his Facebook site; a written reprimand so as to deter future similar comments of any counsel; attorney's fees and costs for filing the instant motion; and such other and further relief as the Court may deem just and proper under the circumstances.

---

[2] Mr. Moore's comment on May 7th was posted on an existing thread initiated by another attorney who is not involved in this case. [Exh B] Mr. Moore's second post, on May 8th, was apparently publicized on Mr. Moore's own Facebook account page. [Exh C] Given the number of Facebook "friends" who are included among Mr. Moore and his colleague's respective social networks, the undersigned estimates that the number of people exposed to these posts, at a minimum, could be in the thousands.

4

Respectfully submitted,

CROWE LAFAVE, LLC


BY: *s/ Robert D. Garfield*
ROBERT D. GARFIELD
Federal I.D. No. 7799
MARY D. LAFAVE
Federal I.D. No. 10316
Post Office Box 1149
Columbia, South Carolina 29202
T: (803) 999-1225
F: (803) 848-8157
robert@crowelafave.com
mary@crowelafave.com

*Counsel for the Defendant*
*Sheriff Lott in his official capacity*

Columbia, South Carolina

May 14, 2020