IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mother Doe, Individually and as the Mother and Natural Guardian for Jane Doe, a Minor, | C.A. No.: 3:18-cv-02731-CMC |
| Plaintiff, | |
| v. | **REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR SANCTIONS ON BEHALF OF DEFENDANT LOTT** |
| Richland County School District Two, Sheriff of Richland County in his official capacity, and Jamel Bradley, | |
| Defendants. | |

In Plaintiff's Memorandum in Opposition to the Defendants' Motion for Sanctions, she is operating under two critical misapprehensions that warrant a reply on behalf of the Defendant Sheriff.

The first centers on the assumption that the Sheriff has been involved in some type of "surreptitious activity" with respect to Mr. Moore's conduct on social media. [Dkt 209, p. 12] In particular, Plaintiff argues that Sheriff Lott "has used his office to conduct surveillance of a private citizen." [Dkt 209, p. 12]

The second assertion is that Mr. Moore's posts were made on a private or restricted account. *See, e.g.*, "The comment was posted on the private, restricted page of an acquaintance of Mr. Moore in response to a private discussion amongst colleagues regarding a news story about a public figure." [Dkt 209, p. 2] In approximately eighteen (18) times throughout his Response, Plaintiff's counsel made repeated claims that his comments were made exclusively in a private forum.

By way of explanation, the Sheriff has neither conducted nor asked anyone to inspect Mr. Moore's social media posts. Mr. Moore's May 7, 2020 Facebook post [Dkt 208-3] was

1

obtained via screenshot by a colleague who is not employed by any law enforcement agency. This picture was then directly forwarded to the undersigned, who then advised the Sheriff of its existence.

Independent of the above, Mr. Moore's May 8, 2020 Facebook post [Dkt 208-4] was captured via screenshot by an individual employed in the office of a well-respected local attorney. This image was transmitted to the Sheriff, who in turn forwarded same to the undersigned.

Thus, Plaintiff's speculation that the Sheriff would not have accessed Plaintiff's "private comments in a private forum" but for having run "surveillance of the personal account of Mr. Moore" is without merit.

Finally, the Defendant Sheriff would again point out that there was no justification for Mr. Moore's willful comments. In the news article [Dkt 208-2], the Sheriff does not comment on the civil action at bar. He also makes no mention concerning Plaintiff, her character, or interactions she may have had with any of the party-Defendants.

Respectfully submitted,

CROWE LAFAVE, LLC

BY:   *s/ Robert D. Garfield*
ROBERT D. GARFIELD
Federal I.D. No. 7799
Post Office Box 1149
Columbia, South Carolina 29202
T: (803) 999-1225
F: (803) 848-8157
robert@crowelafave.com

*Counsel for the Defendants*

Columbia, South Carolina

May 18, 2020