IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Mother Doe, individually and as the Mother and Natural Guardian for Jane Doe, a minor,<br><br>    Plaintiff,<br><br>vs.<br><br>Richland County School District Two, Sheriff of Richland County in his official capacity d/b/a Richland County Sheriff's Department ("RCSD"), John E. Ewing, and Jamel Bradley,<br><br>    Defendants. | C.A. No. 3:18-cv-02731-CMC<br><br>**DEFENDANT RICHLAND COUNTY SCHOOL DISTRICT TWO'S MOTION IN LIMINE AND SUPPORTING MEMORANDUM TO EXCLUDE EVIDENCE OF TITLE IX ADMINISTRATIVE NON-COMPLIANCE** |

Defendant Richland School District Two ("School District"), by and through its undersigned counsel, hereby moves this court for an order limiting or excluding any evidence, testimony, and arguments at trial regarding the School District's alleged non-compliance with any Title IX administrative requirements.

Title IX contains many administrative requirements for schools to follow regarding claims for sexual harassment, including detailed requirements on how investigations are to be conducted, the standard to be used to determine culpability and how the victim and offender are to be treated. In this case, the expert report of Plaintiff's Title IX expert, Daniel Swinton, and deposition testimony solicited by opposing counsel throughout discovery, seeks to establish that the District is subject to Title IX liability based on the school district's failure to follow Title IX's administrative procedures. However, "the implied private right of action under Title IX"

does not allow "recovery in damages for violation" of the "administrative requirements" of Title IX. *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 292 (1998). Therefore, whether the District followed Title IX administrative requirements does not serve as basis for recovery or liability in this private action.

Generally, relevant evidence is admissible. FRE 402. Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence," so long as "the fact is of consequence in determining the action." FRE 401. However, a court can exclude otherwise relevant evidence, "if its probative value is substantially outweighed" by the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or unnecessarily presenting cumulative evidence. FRE 403.

In this case, any arguments, testimony, or evidence that the School District failed to adhere to Title IX administrative requirements is not relevant to the key elements of Plaintiff's Title IX cause of action or recovery or liability under Title IX. However, if it is relevant, its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury.

Accordingly, Defendant School District respectfully requests the Court exclude any evidence, testimony, and arguments at trial regarding the School District's alleged non-compliance with any Title IX administrative requirements.

    Respectfully submitted,

    HALLIGAN MAHONEY WILLIAMS SMITH FAWLEY & REAGLE, PA

    By: s/ Jasmine Rogers Drain
        Jasmine Rogers Drain, Fed. I.D. No. 10169
        jdrain@hmwlegal.com

        Vernie L. Williams, Fed. I.D. No. 7094
        vwilliams@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035

Attorneys for Defendant Richland County
School District Two

May 26, 2020

Columbia, South Carolina